UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CASE NO. 03-12477 MLW

RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, )
ELECTRICAL WORKERS' HEALTH AND WELFARE )
FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' )
PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL )
WORKERS' SUPPLEMENTARY HEALTH AND WELFARE )
FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' )
DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; )
ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND )
TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL )
WORKERS' EDUCATIONAL AND CULTURAL FUND; )
ANTHONY J. SALAMONE, as he is ADMINISTRATOR, )
NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL )
103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL )
WORKERS, )
               Plaintiffs )
)
Vs. )
)
RICHARDSON ELECTRIC COMPANY, INC., )
               Defendant )
)
and )
)
BANK OF NEW HAMPSHIRE, )
               Trustee )

RICHARDSON ELECTRIC COMPANY, INC.'S
ANSWER TO COMPLAINT

### First Defense

Now comes Richardson Electric Company, Inc., ("Richardson"), and answers the Complaint as follows:

1. Admitted that Defendants purport to bring this action under such statutes.

2. Denied.

3. –
11. Richardson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

12. Admitted, except that Richardson denies that it is a New Hampshire corporation.

13. Admitted.

14. Admitted, and further answering Richardson, by letter dated May 27, 2003, notified the Union that it was withdrawing from NECA.

15. Admitted, except denied with respect to the existence of a September 1, 2003 to August 31, 2006 Agreement.

16. The Agreements speak for themselves, except denied that there was an agreement covering September 1, 2003 to August 31, 2006.

17. Denied.

18. Denied.

### COUNT I – Violation of ERISA – Delinquent Contributions

19. Richardson repeats and realleges every response contained in paragraphs 1-18 above.

20. Admitted.

21. Admitted.

22. Admitted, except that Richardson states it denies that there is a balance due as stated and denies any liability for the period September, 2003 to the present.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.

27. Richardson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

## COUNT II – Violation of LMRA – Delinquent Contributions

28. Richardson repeats and realleges every response contained in paragraphs 1-27 above.

29. Denied.

## COUNT III – Violation of LMRA – Delinquent Dues

30. Richardson repeats and realleges every response contained in paragraphs 1-29 above.

31. Admitted.

32. Admitted.

33. Denied.

34. Denied.

### Second Defense

There was no enforceable contract for any period beginning on September 1, 2003.

### Third Defense

All or part of the claimed obligation has been paid.

WHEREFORE, Richardson requests that this Honorable court enter judgment for Richardson Electric Company, Inc., dismissing the Compliant with costs of this action.

Richardson Electric Company, Inc.,
By its attorney,

June 21, 2004

*Alan R. Hoffman*

Alan R. Hoffman  BBO #236860
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA  02110-1800
(617) 951-0800

177738_1

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on June 21, 2004.

*Alan R. Hoffman*