**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

**CASE NO. 03-12477 MLW**

_____
                                                                                        )
RUSSELL F. SHEEHAN, as he is ADMINISTRATOR,      )
ELECTRICAL WORKERS' HEALTH AND WELFARE           )
FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS'   )
PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL    )
WORKERS' SUPPLEMENTARY HEALTH AND WELFARE        )
FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS'   )
DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.;       )
ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND     )
TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL   )
WORKERS' EDUCATIONAL AND CULTURAL FUND;          )
ANTHONY J. SALAMONE, as he is ADMINISTRATOR,     )
NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL      )
103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL     )
WORKERS,                                         )
                **Plaintiffs**                      )
                                                 )
Vs.                                              )
                                                 )
RICHARDSON ELECTRIC COMPANY, INC.,               )
                **Defendant**                      )
                                                 )
                and                                )
                                                 )
BANK OF NEW HAMPSHIRE,                           )
                **Trustee**                        )
_____)

**RICHARDSON ELECTRICAL COMPANY, INC.'S
<u>AMENDED ANSWER AND COUNTERCLAIM</u>**

**<u>ANSWER TO COMPLAINT</u>**

<u>First Defense</u>

Now comes Richardson Electrical Company, Inc., ("Richardson"), and answers the Complaint as follows:

1. Admitted that Defendants purport to bring this action under such statutes.

2. Denied.

3. –11. Richardson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

12. Admitted, except that Richardson denies that it is a New Hampshire corporation.

13. Admitted.

14. Admitted, and further answering Richardson, by letter dated May 27, 2003, notified the Union that it was withdrawing from NECA.

15. Admitted, except denied with respect to the existence of a September 1, 2003 to August 31, 2006 Agreement.

16. The Agreements speak for themselves, except denied that there was an agreement covering September 1, 2003 to August 31, 2006.

17. The Agreements speak for themselves.

18. The Agreements speak for themselves.

## COUNT I – Violation of ERISA – Delinquent Contributions

19. Richardson repeats and realleges every response contained in paragraphs 1-18 above.

20. Admitted.

21. Admitted.

22. Admitted, except that Richardson states it denies that there is a balance due as stated and denies any liability for the period September, 2003 to the present.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.

27. Richardson lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in these paragraphs.

### COUNT II – Violation of LMRA – Delinquent Contributions

28. Richardson repeats and realleges every response contained in paragraphs 1-27 above.

29. Denied.

### COUNT III – Violation of LMRA – Delinquent Dues

30. Richardson repeats and realleges every response contained in paragraphs 1-29 above.

31. Admitted.

32. Admitted.

33. Denied.

34. Denied.

### Second Defense

There was no enforceable contract for any period beginning on September 1, 2003.

### Third Defense

All or part of the claimed obligation has been paid.

### Fourth Defense

Plaintiff, Local 103, International Brotherhood of Electrical Workers breached its contract with Defendant and therefore Defendant owes nothing to the Plaintiffs.

<u>Fifth Defense</u>

Plaintiffs are estopped from claiming any contributions.

<u>Sixth Defense</u>

Plaintiffs have waived their claims.

<u>Seventh Defense</u>

Defendant owes nothing because the Agreement was modified as to "Apprentices".

<u>Eighth Defense</u>

Pursuant to the Agreement Plaintiffs are required to arbitrate this dispute.

<u>Ninth Defense</u>

Plaintiffs have failed to state a claim upon which relief can be granted.

WHEREFORE, Richardson requests that this Honorable Court enter judgment for Richardson Electrical Company, Inc., dismissing the Complaint with costs of this action.

**COUNTERCLAIM**

1.    Plaintiff-in-Counterclaim Richardson Electrical Company, Inc., ("Richardson") is a Massachusetts Corporation with a principal place of business at Seabrook, New Hampshire.

2.    Defendant-in-Counterclaim Local 103, International Brotherhood of Electrical Workers ("Local 103") is a labor organization within the meaning of §301 of the LMRA, 29 U.S.C. §185.  Local 103 is administered at 256 Freeport Street, Dorchester, Massachusetts.

**Jurisdiction**

3. The Court has jurisdiction over the matter pursuant to §1367, inasmuch as all claims are so related to Plaintiffs' claims that they form part of the same case or controversy as raised in Plaintiffs' Complaint, pursuant to 29 U.S.S. §1132(a)(e) and (f).

**Counterclaim I – Breach of Contract**

4. Counterclaim Plaintiff was a party to Agreement and Working Rules covering the Electrical Industry of Greater Boston between Electrical Workers Union Local 103, I.B.E.W. of Greater Boston, and Electrical Contractors Association of Greater Boston Inc., Boston Chapter, National Electrical Contractors Association, for the period September 1, 2000 to August 31, 2003 ("Agreement").

5. Pursuant to the Agreement, Local 103 is required to facilitate the retaining of Apprentices.

6. On or about March 1, 2002, Richardson notified Local 103 that it had entered into a contract for electrical services for work to be performed in Massachusetts, and pursuant to the Agreement, it required Apprentices in connection with such contract.

7. Local 103 advised Richardson that it could not provide such Apprentices, but that Richardson should contact Local 490, Local 103's New Hampshire counterpart, to obtain Apprentices. Local 103 also advised Richardson to make all welfare and benefit payments on account of such Apprentices in accordance with Local 490's agreement with Richardson.

8. Richardson contacted Local 490, retained Apprentices identified by Local 490, and made all payments required by Local 490's agreement with Richardson.

9. Thereafter, Local 103 along with the various welfare funds associated with Local 103 sued Richardson for failing to make benefit payments on account of the Apprentices retained through Local 490, as set forth above, to Local 103.

10. In failing to provide Apprentices required under the Agreement, Defendant-in-Counterclaim, Local 103, breached its contract with Richardson.

11. Local 103's required welfare and benefits contributions are greater than Local 490's.

12. As a result of the aforesaid breach, Richardson has been damaged.

### Counterclaim II – Promissory Estoppel

13. Plaintiff-in-Counterclaim repeats and re-alleges each allegation contained in Paragraphs 1-12.

14. As referenced above, Local 103 officials informed Richardson to obtain Apprentices for a Massachusetts job from Local 490 in New Hampshire and to make welfare and benefit payments on account of such employees directly to Local 490.

15. These directives constituted a representation that the Local 103 welfare and benefit funds would not seek payment of benefits on account of these Apprentices.

16. In retaining Apprentices assigned by Local 490 and making payments to Local 490, Richardson reasonably relied on Local 103's directives for Richardson to deal with Local 490 and said reliance was to its detriment.

17. Richardson has been damaged by its reliance on Local 103's representations.

### Counterclaim III – Indemnification

18. Plaintiff-in-Counterclaim repeats and re-alleges each allegation contained in Paragraphs 1-17.

19. By virtue of its conduct in connection with the aforesaid matters, Local 103 is obligated to indemnify Richardson for all damages sustained as a result of these matters.

WHEREFORE, Richardson demands that Judgment enter on its behalf for the full amount of its damages plus interest costs and attorney's fees.

### JURY DEMAND

Defendant, Richardson Electrical Company, Inc., hereby demands a trial by jury on all issues so triable.

```
                                Richardson Electrical Company, Inc.,
                                By its attorney,


                                /s/ Alan R. Hoffman
                                Alan R. Hoffman  BBO #236860
                                LYNCH, BREWER, HOFFMAN & FINK, LLP
                                101 Federal Street, 22nd Floor
                                Boston, MA  02110-1800
                                (617) 951-0800
```

Dated: January 13, 2005

187745_1