UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 FEB -7 P 2: 41
U.S. DISTRICT COURT
DISTRICT OF MASS

RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,
    Plaintiffs

vs.

RICHARDSON ELECTRIC COMPANY, INC.,
    Defendant

and

BANK OF NEW HAMPSHIRE,
    Trustee

C.A. No. 03-12477-MLW

### PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' ANSWER TO DEFENDANT/ PLAINTIFF-IN-COUNTERCLAIM RICHARDSON ELECTRIC COMPANY'S COUNTERCLAIM

Now comes the Plaintiff/Defendant-in-Counterclaim Local 103, International Brotherhood of Electrical Workers ("Local 103") in the above-captioned matter, and answers the Defendant/Plaintiff-in-Counterclaim Richardson Electric Company's ("Richardson") counterclaim as follows:

1. Local 103 admits the allegations of Paragraph 1.

2. Local 103 admits the allegations of Paragraph 2.

### Jurisdiction

3. Local 103 lacks the knowledge to either admit or deny the allegations of Paragraph 3 and calls upon Richardson to prove same.

### Counterclaim I – Breach of Contract

4. Local 103 admits the allegations of Paragraph 4.

5. Local 103 denies the allegations of Paragraph 5.

6. Local 103 lacks the knowledge to either admit or deny the allegations of Paragraph 6 and calls upon Richardson to prove same.

7. Local 103 denies the allegations of Paragraph 7.

8. Local 103 lacks the knowledge to either admit or deny the allegations of Paragraph 8 and calls upon Richardson to prove same.

9. Local 103 admits that it filed suit against Defendant for failing to remit fringe benefit contributions it was obligated to pay under the Collective Bargaining Agreement to which it was signatory and denies the remaining allegations of Paragraph 9.

10. This allegation calls for a legal conclusion requiring no answer.

11. Local 103 admits that each local provides for different rates of contribution for each of its benefit funds and denies the remaining allegations of Paragraph 11.

12. Local 103 lacks the knowledge to either admit or deny the allegations of Paragraph 12 and calls upon Richardson to prove same.

### Counterclaim II – Promissory Estoppel

13. Local 103 incorporates herein its answers to Paragraphs 1 through 12.

14. Local 103 denies the allegations of Paragraph 14.

15. Local 103 denies the allegations of Paragraph 15.

16. Local 103 neither admits nor denies the allegations in Paragraph 16 and calls upon Richardson to prove same.

17. Local 103 neither admits nor denies the allegations in Paragraph 17 and calls upon Richardson to prove same.

### Counterclaim III – Indemnification

18. Local 103 incorporates herein its answers to Paragraphs 1 through 17.

19. Local 103 denies the allegations of Paragraph 19.

### Affirmative Defense No. 1

Richardson's counterclaim fails to state a claim upon which relief may be granted.

### Affirmative Defense No. 2

Richardson's claims are barred by estoppel.

### Affirmative Defense No. 3

Richardson has failed to perform fully and completely its obligations under the Collective Bargaining Agreement to which it is signatory, and is therefore barred from recovery.

### Affirmative Defense No. 4

Richardson's claims are barred by the doctrine of waiver.

### Affirmative Defense No. 5

Richardson's claims are barred by the doctrine of unclean hands.

### Affirmative Defense No. 6

Richardson has failed to exhaust the internal union remedies provided for in the Collective Bargaining Agreement to which it is signatory.

### Affirmative Defense No. 7

The Collective Bargaining Agreement to which Richardson is signatory clearly states that all fringe benefit contributions for work done in Local 103's jurisdiction are to be paid to Local 103.

### Affirmative Defense No. 8

Any losses incurred were not the proximate result of Local 103's conduct.

### Affirmative Defense No. 9

Richardson has no cognizable damages.

Respectfully submitted,

RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W., et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated: February 4, 2005

### CERTIFICATE OF SERVICE

This is to certify that a copy of the above plaintiffs' Answer has been served by first class mail upon the defendant's attorney Alan R. Hoffman at Lynch, Brewer, Hoffman & Fink, LLP, 101 Federal Street, 22nd Floor, Boston, MA  02110-1800 this 4th day of February, 2005.

Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3013 99-254/answer.doc