# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Plaintiffs/Defendants-in-Counterclaim<br><br>vs.<br><br>RICHARDSON ELECTRIC COMPANY, INC., Defendant/Plaintiffs-in-Counterclaim<br><br>and<br><br>BANK OF NEW HAMPSHIRE, Trustee | C.A. No. 03-12477 JLA |

## AFFIDAVIT OF RUSSELL SHEEHAN

1. My name is Russell Sheehan. I am the Administrator of the Electrical Workers Employee Benefit Funds, Local 103, I.B.E.W.

2. On or about September 1, 1993, Defendant Richardson Electric Company, Inc. ("Richardson") signed a letter of assent authorizing the Boston Chapter, NECA as its collective

bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between Boston Chapter, NECA and Local Union, 103, I.B.E.W.

3. Because of the letter of assent, Richardson has been a party to successive collective bargaining agreements.

4. Richardson and the Union renewed the Agreement for the period September 1, 2000 through August 31, 2003 by signing a contract on or about May 7, 2001.

5. The Agreement, like its predecessor and successor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees no later than the fifteenth day of the month following the incurring of the obligation. The Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

6. Section 7.4 of the Agreement states that an employer who fails to make the required contributions payments to the Funds is subject to interest on the unpaid contributions and liquidated damages, along with attorneys' fees.

7. Richardson entered into a contract to perform electrical services at the Lawrence Raw Sewage Treatment Plant ("Treatment Plant") project in North Andover, Massachusetts. The Treatment Plant contract was for work in Local 103's territory, and thus, under the terms of the Agreement, all employees were to be paid at the Local 103 rates.

8. In accordance with applicable reciprocity agreements among the various locals' benefit funds, the Local 103 Funds would remit the pension and deferred income contributions they received directly to the employees' home locals. The health and welfare contributions they

2

received would also be forwarded to the home locals, at the locals' health and welfare contribution rate.

9. Instead, Richardson paid contributions for Apprentices on the Treatment Plant project to those Apprentices' home locals, at the contribution rates prescribed by those locals' collective bargaining agreements.

10. As an aggregate, the contribution rates prescribed by other New England locals are lower than those prescribed by Local 103.

11. In August, 2004, an auditor employed by Plaintiff Funds conducted an audit of Richardson's payroll books and records for the period January 2002 through December 2003 and discovered that a total of $117,370.09 in unpaid fringe benefit contributions was due the Funds.

12. Of the audit balance of $117,370.09, the amount of $34,781.30 has been resolved between the parties to date. Thus, the total that remains in dispute is $82,588.79.

13. The remaining total of $82,588.79 comprises the contributions that were remitted to other locals for work done by Apprentices at the Treatment Plant project, in the amount of $45,989.10, plus the difference between what was paid to the other locals and what would have been paid to the Funds pursuant to the contribution rates prescribed in the Agreement, in the amount of $36,599.69.

14. Richardson would owe the Funds $14,716.07 in interest on the unpaid contributions, if they had been paid by October 31, 2005.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 31st DAY OF OCTOBER, 2005.

Russell Sheehan

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _____ 11/1/05

3

GAG/gag&ts
ARS 3013 99-254/affsheehan.doc