UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CASE NO. 03-12477 MLW

RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,
               Plaintiffs

Vs.

RICHARDSON ELECTRIC COMPANY, INC.,
               Defendant

and

BANK OF NEW HAMPSHIRE,
               Trustee

## AFFIDAVIT OF BARBARA J. WADE

I, Barbara Wade, hereby depose and say:

1.    I am Treasurer of Richardson Electrical Company, Inc. ("Richardson"), an electrical subcontractor which has a specialty in wastewater treatment plants. For approximately 11 years, I have been responsible for the financial operations of the Company.

2. Commencing in 2001, Richardson served as the electrical contractor on the Greater Lawrence Biosolids job to provide power for a sewage plant in North Andover, Massachusetts. We have referred to this job internally as the "pelletizer" plant. Because it involved governmental authorities, this was a "prevailing wage" job.

3. Starting in January of 2002, Richardson hired apprentices for this job who were affiliated with IBEW Local 490, whose territory was New Hampshire. Between that date and December of 2003, Richardson hired a total of six apprentices affiliated with Local 490 on the pelletizer job.

4. With respect to these apprentices, Richardson paid benefits directly to Local 490. Because this was a prevailing wage job; and because Local 490 benefits were less than Local 103 benefits would have been, Richardson made up the difference by paying the apprentices at a higher wage rate than it would have been necessary to pay if it paid Local 103's benefit package. The net effect of paying Local 490 benefits and the higher wage was to provide the apprentices with a package which equaled what they would have received had Richardson paid Local 103 benefits and the rate called for in the Union contract which applied to their level of service.

5. As an example, Keith Barker, a second year apprentice, was paid at a rate of $17.40 per hour in January and February of 2002. At that time, the Local 103 Union Contract called for a rate of approximately $13.30 for second year apprentices. The reason we paid the higher rate was to comply with the prevailing wage law.

6. By adjusting the rate of pay for the apprentices, Richardson has paid directly to these workers the differential between the Local 490 and Local 103 benefit packages. Therefore, if Richardson is ordered to pay the differential to the Local 103

funds, this will result in an overpayment to the apprentices and a detriment to Richardson.

7.     The Funds are seeking by their motion an order directing us to pay $82,588.79; this would result in a gross overpayment since we have previously paid $45,989.10 in benefits to Local 490 on account of the apprentices and the differential in wages paid at the higher rate.

8.     While Richardson admits that it owes some interest to the Funds for late payments, the amount of interest is overstated. Attached as Exhibits A and B are two checks, which Richardson sent to Local 103 on January 15, 2004, reflecting benefit payments made on behalf of journeymen for the months of June and July of 2003. These checks were in the amount of $5,939.12 and $991.76. They were sent at that time along with applicable payroll reports. Although the Funds claimed not to have received these checks, the mailing was never returned to us and the Funds produced the related reports in discovery. On December 1, 2004, at the Funds' request, Richardson forwarded replacement checks. The interest calculation provided by the Funds assumes receipt of these funds in December 2004. Since it is apparent that the Funds lost the original checks, Richardson should not be charged interest for the period beginning January 16, 2004.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 17th DAY OF NOVEMBER, 2005.

_____
BARBARA J. WADE

230702_1

3