# Restated Agreement and Declaration of Trust

# Electrical Workers Pension Fund, Local 103, I.B.E.W.

*As amended through June 1, 1993*



**EXHIBIT**
Gambino B
PMC 5-23-05

TABLE OF CONTENTS

                                                              PAGE

RECITALS...................................................................1

ARTICLE I
    Name of Trust.........................................................2

ARTICLE II
    Definitions...........................................................2

2.1     Association.......................................................2
2.2     Beneficiary.......................................................2
2.3     Employee..........................................................2
2.4     Employer..........................................................3
2.5     ERISA.............................................................3
2.6     Fund or Trust.....................................................3
2.7     Participant.......................................................3
2.8     Pensioner.........................................................3
2.9     Plan..............................................................3
2.10    Recognized Contractor.............................................4
2.11    Trust Agreement...................................................4
2.12    Trustees..........................................................4
2.13    Union.............................................................4

ARTICLE III
    Important Dates.......................................................4

3.1     Effective Date....................................................4
3.2     Funding Date......................................................4
3.3     Anniversary Date..................................................4

ARTICLE IV
    Purpose of Fund.......................................................5

ARTICLE V
    Board of Trustees.....................................................5

5.1     Number, Appointment...............................................5
5.2     Meetings, Quorum..................................................5
5.3     Decisions of the Trustees.......................................5-6
5.4     Resolution in Event of Deadlock...................................6
5.5     Selection of Chairman, Secretary..................................6
5.6     Vacancies.........................................................6
5.7     Removal...........................................................6
5.8     Resignation.......................................................7
5.9     Limitation of Liability of Trustees...............................7
5.10    Trustees Compensation.............................................7

ARTICLE VI
    Powers and Duties of Trustees.........................................7

TABLE OF CONTENTS

                                                            PAGE

6.1   Fund Administration.....................................7-8
6.2   Discretionary Authority..................................8
6.3   Employer Contributions...................................8
6.4   Employer and Union's Obligations To Furnish Records...8-9
6.5   Rules and Regulations....................................9
6.6   Appointment of Administrator and Co-Administrator.....9-10
6.7   Sharing Expenses, Reciprocal Agreements...............10
6.8   Investments.........................................10-11
6.9   Delegation of Investment Functions....................11
6.10  Delegation of Ministerial Powers or Duties............11
6.11  Delegation and Allocation of Fiduciary Duties.........12
6.12  Insurance.............................................12
6.13  Bonds.................................................12
6.14  Merger................................................12
6.15  Settlement of Claims and Controversies................12
6.16  Additional Powers..................................12-13
6.17  Annual Audit..........................................13

ARTICLE VII
     Records..................................................13

ARTICLE VIII
     Compliance with the Internal Revenue Code............13-14

ARTICLE IX
     Trustee May Be a Participant or Beneficiary..............14

ARTICLE X
     Employers to Present Certain Information.................14

ARTICLE XI
     Amendment to Trust Agreement............................14

ARTICLE XII
     Termination.............................................14

ARTICLE XIII
     Entitlement to Fund Assets..............................15

13.1  No Right, Title or Interest...........................15
13.2  Prohibition Against Alienation and Assignment.......15
13.3  Refund of Employer Contributions......................15
13.4  Withholding Payment................................15-16

ARTICLE XIV
     Reliance by Others......................................16

ARTICLE XV
     Massachusetts Trust.....................................16

## TABLE OF CONTENTS

                                                            PAGE

ARTICLE XVI
   Gender, Title References.................................16-17

ARTICLE XVII
      Savings Clause......................................17

ARTICLE XVIII
      Counterparts........................................17

   Signatures.............................................18

(iii)

# ELECTRICAL WORKERS PENSION FUND, LOCAL 103, I.B.E.W.

AMENDMENT and RESTATEMENT of the Agreement and Declaration of Trust of the Electrical Workers Pension Fund, Local 103, I.B.E.W., adopted by the signatory Trustees hereto with the consent of the Local Union No. 103, I.B.E.W. and the Electrical Contractors Association of Greater Boston, Inc. on May 26, 1993, effective as of June 1, 1993.

### WITNESSETH:

WHEREAS, effective as of January 1, 1958 the Association and the Union entered into a Trust Agreement to provide for a pension fund for employees employed under certain collective bargaining agreements, as amended from time to time; and

WHEREAS, said Trust Agreement provides for amendment thereto by the Trustees, with the consent of the Union and the Association; and

WHEREAS, the Trust Agreement provides that the Association shall name three Trustees and the Union shall name three Trustees; and

WHEREAS, the Association has named John A. Penney, David R. MacKay, and Ernest Richards, and the Union has named Russell F. Sheehan, James M. Naughton and Vincent P. Crowley, who are hereby declared to be the Trustees hereunder, with full power and authority to act hereunder; and

WHEREAS, the Trustees desire to amend and restate said Trust Agreement in its entirety to incorporate in one document amendments previously adopted and to include such additional amendments as they deem prudent.

NOW THEREFORE, in consideration of the premises and mutual covenants herein contained, the undersigned Trustees agree to amend and restate said Trust Agreement in its entirety and declare that they will receive and hold such contributions and other money or property which may come into the Fund pursuant to the following powers and duties and for the following uses, and none other:

# ARTICLE I

## NAME OF TRUST

This Trust shall be known as the *Electrical Workers Pension Fund, Local 103, I.B.E.W.*

# ARTICLE II

## DEFINITIONS

### Section 2.1

*Association* shall mean the Electrical Contractors Association of Greater Boston, Inc.

### Section 2.2

*Beneficiary* shall mean any person designated pursuant to the Plan to receive benefits on or after a Participant's death in behalf of the Participant. Whenever the rights of a Participant are stated or limited herein, the Beneficiary shall be bound thereby.

### Section 2.3

*Employee* shall mean (a) any workman whose earnings and working conditions are fixed by collective bargaining between the Association and the Union; (b) any officer or employee of the Union who receives wages or salary from the Union; (c) any duly elected or appointed officer of the I.B.E.W. International Office, or of the A.F.L.-C.I.O., or of the Building and Construction Trades Council, provided they are members of the Union; (d) any employee of the Joint Apprentice Committee, whether employed in an administrative or clerical capacity; (e) any employee of the Electrical Construction Trust Funds; (f) any employee of the Delta-Wye Federal Credit Union; (g) any other person who is a member of or represented by the Union, and who is employed by an Employer who has entered into a written agreement with the Trustees, or a written agreement with the Union, and which agreement has been approved and accepted by the Trustees, and which provides for the making of payments to the Electrical Workers Pension Fund, Local 103, I.B.E.W., with respect to such person.

## Section 2.4

*Employer* shall mean any Recognized Contractor; the Union; the Joint Apprentice Committee; the Electrical Construction Trust Funds; the I.B.E.W. International Office, the A.F.L.-C.I.O., and the Building and Construction Trades Council, if any of their elected or appointed officers are members of the Union; the Delta-Wye Federal Credit Union; and any other corporation or other organization which employs members of the Union, and which has entered into a written agreement providing for contributions to the Electrical Workers Pension Fund, Local 103, I.B.E.W.

## Section 2.5

*ERISA* shall mean Public Law 93-406, the Employee Retirement Income Security Act of 1974, as amended, also known as the Pension Reform Act of 1974.

## Section 2.6

*Fund* or *Trust* shall mean the entire trust estate created pursuant to this Trust Agreement, and shall be formally called the Electrical Workers Pension Fund, Local 103, I.B.E.W. Such Fund shall include but not be limited to investments, and the income from any and all investments, employer contributions and any and all other assets, property or money received by or held by the Trustees for the uses and purposes of this Fund.

## Section 2.7

*Participant* shall mean any Employee with respect to whom contributions are being paid as provided in Article IV, Section 4 of the collective bargaining agreement between the Association and the Union, as it may from time to time be amended, and all other Employees with respect to whom contributions are made at rates set by the Trustees which shall be fairly comparable to the amounts required to be paid by said Article IV, Section 4.

## Section 2.8

*Pensioner* shall mean a Participant who has been determined by the Trustees to be entitled to receive benefits from the Fund under the terms of the Plan.

## Section 2.9

*Plan* shall mean the Electrical Workers Pension Plan, Local 103, I.B.E.W. as from time to time amended, and as constituting the appendix to this Trust Agreement.

## Section 2.10

*Recognized Contractor* shall mean a member of the Association or any independent electrical contractor signer of a collective bargaining agreement with the Union requiring contributions to the Fund.

## Section 2.11

*Trust Agreement* shall mean this agreement, and, if the same be amended, this agreement as amended.

## Section 2.12

*Trustees* shall mean the undersigned Trustees as designated pursuant to this Trust Agreement, together with their successors designated and appointed in accordance with the terms of this Trust Agreement. The Trustees, collectively, shall be the *Board of Trustees* and shall be the "administrator" as defined by section 3(16)(A) of ERISA. No person shall be entitled to rely upon any representations, written or otherwise, made by employees or agents of the Fund which are inconsistent with the Trust Agreement or Plan.

## Section 2.13

*Union* shall mean the Local Union No. 103, International Brotherhood of Electrical Workers, AFL-CIO.

# ARTICLE III

## IMPORTANT DATES

## Section 3.1

The effective date of the Fund is January 1, 1958.

## Section 3.2

The funding date is December 1, 1957.

## Section 3.3

The anniversary date is the anniversary of the effective date, January 1, 1958, and such day in each subsequent year.

4

# ARTICLE IV

## PURPOSE OF FUND

This Fund is created for the sole purpose of providing Participants and Beneficiaries with retirement and other similar benefits permissible in a pension plan qualified under Section 401(a) of the Internal Revenue Code of 1986 by virtue of Section 501(a) of said Code as the Trustees may determine from time to time, and for payment of the administration expenses incurred thereby. In no event shall any part of the principal or income of this Fund be paid to or vested in the Association, the Union or the Employers, or be used for any purpose whatsoever other than the exclusive benefit of Participants and Beneficiaries.

# ARTICLE V

## BOARD OF TRUSTEES

### Section 5.1:  Number, Appointment

The Fund shall be administered by six Trustees, three of whom shall be appointed by the Union and shall act as Union Trustees, and three of whom shall be appointed by the Association and shall act as Employer Trustees.

### Section 5.2:  Meetings, Quorum

Any two Trustees may call a meeting of the Trustees at any time by giving at least five (5) days written notice of the time and place thereof to each Trustee. Meetings of the Trustees may also be held at any time without notice if all the Trustees consent thereto. A quorum for the transaction of business shall consist of at least four Trustees, two of whom must represent the Association and two of whom must represent the Union.

### Section 5.3:  Decisions of the Trustees

Decisions of the Trustees shall be made by the concurring vote of a majority of Trustees, provided, however, that no decision shall be made unless a minimum of two Trustees from each group cast a vote thereon, or are present to cast a vote thereon. In voting on any question, neither group of Trustees shall cast more votes in the aggregate than the other. If all of the Trustees, designated by the Association or by the Union as the case may be, are not present at such meeting, each side shall be entitled to cast as many votes or the same number of votes as the Trustees designated by the other side present at the meeting shall be entitled to cast, it being the intention hereof that at

5

any meeting of the Trustees, regardless of the number present, the Trustees representing the Union and the Employer shall have equal voting power.  All questions that may arise or come before the Trustees shall be determined by the affirmative vote in person or by proxy of a majority of the Trustees.  Such vote may be given in a meeting assembled or by a writing signed by the Trustees, or by a majority of them, provided such writing is signed by two or more Trustees designated by the Union, and two or more Trustees designated by the Association, and such decision or act of a majority of the Trustees shall be binding and conclusive upon the parties hereto, the Board of Trustees, the Participant, and all Beneficiaries or persons.

## Section 5.4:  Resolution In Event of Deadlock

In the event of a deadlock among the Trustees, the question shall be decided by an impartial umpire agreed upon by the Trustees or appointed by the United States District Court for the District of Massachusetts.

## Section 5.5:  Selection of Chairman, Secretary

The Trustees may select from among the Trustees a Chairman of the Trustees to serve for a specified term.  The Trustees may from time to time designate one of their number to act as Secretary of the Trustees and of the Fund.

## Section 5.6:  Vacancies

In case of death, resignation, or inability to act of any Trustee, the vacancy thereby created shall be filled by the group whose representation on the Board of Trustees has been affected. As soon as any Trustee, named to fill a vacancy, has accepted this Trust, the Trust estate shall vest in the new Trustee or Trustees, together with the continuing Trustees without any further act or conveyance.  A vacancy on the Board of Trustees shall be filled within fifteen (15) days from the date of its occurrence.  Any Trustee vacating such office shall forthwith turn over to the remaining Trustees at the office of the Fund any and all records, books, documents, monies or other property in his possession owned by the Fund or incident to the fulfillment of this Trust Agreement and/or administration of the Fund.

## Section 5.7:  Removal

The Association may terminate the designation of an Employer Trustee by filing with the remaining Trustees a true copy of a resolution adopted by it terminating said designation.  The Union may terminate the designation of a Union Trustee by filing with the remaining Trustees a true copy of a resolution adopted by the Union terminating said designation.

## Section 5.8:   Resignation

Any Trustee may resign by instrument in writing executed for that purpose and delivered to the remaining Trustees and to the Union or Association who appointed him.

## Section 5.9:   Limitation of Liability of Trustees

No Trustee shall be liable or responsible for his own acts or omissions or for any acts of default of any other person or party in interest, or be liable for the acts or omissions of any other Trustee, or of any officer, agent, or servant elected or appointed by or acting for them, except as required by federal law.  Each of the Trustees shall be protected in acting upon any paper or document believed by him to be genuine and to have been made, executed or delivered by the proper party purporting to have made, executed or delivered the same, and shall be protected in relying and acting upon the opinion of legal counsel in connection with any matter pertaining to the administration or execution of this Fund.

## Section 5.10:   Trustee's Compensation

A Trustee may receive reasonable compensation for services rendered including attendance of Fund meetings, or for the reimbursement of expenses properly and actually incurred, in the performance of his duties with the plan; except that no person so serving who already receives full time pay from any employer or an association of employers, whose employees are Participants in the Plan, or from an employee organization whose members are Participants in the Plan, shall receive compensation from the Plan except for reimbursement of expenses properly and actually incurred.  The Trustees may authorize the Trustees and Administrators to attend appropriate seminars concerning employee benefit plans, and conferences of the International Foundation of Employee Benefit Plans, as a function of their duties for the Plan.  To the extent permitted by law, the costs and expenses of any suit or proceeding brought against the Trustees (including legal fees) shall be paid from the Fund.

# ARTICLE VI

# POWERS OF DUTIES OF TRUSTEES

## Section 6.1:   Fund Administration

The Trustees shall be charged with the responsibility of administering the Fund, of maintaining the proper records, of receiving payment in behalf of the Fund and depositing same, for the payments of the pensions and death benefits provided for in

the Plan, and for expenses incurred by the Trustees and the Administrator and Co-Administrator.

## Section 6.2:   Discretionary Authority

The Trustees shall have complete and exclusive discretionary authority to:

1.  establish a Plan and any other instruments, forms, policies or other matters;

2.  determine eligibility for benefits and any and all other rules and regulations of such Plan and any other instruments, forms, policies or other matters; and

3.  construe and interpret the terms of the Plan (including ambiguous or disputed terms) and any other instruments, forms, policies or other matters of the Trust or relating to such Trust including but not limited to the terms of this Trust Agreement.

Such decision, construction or interpretation by the Trustees shall be binding upon each Participant, Employee or any other person.

## Section 6.3:   Employer Contributions

The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Fund Administrator or Co-Administrator if one has been appointed and when directed by the Trustees, shall have the power to demand, collect and receive Employer contributions and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement.  The Trustees shall be empowered to take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Fund for the purpose of collecting such payments, money and property.  The Trustees shall not be bound by any grievance or arbitration procedures in any collective bargaining agreement between the Association and/or any Employer and the Union.

## Section 6.4:   Employer and Union's Obligations To Furnish Records

The Trustees shall have the power to require any Employer and/or the Union to furnish to the Trustees such information and reports as they may require in the performance of their duties under this Trust Agreement, and the Employer and/or the Union shall furnish the same when so required.  The Trustees, or any authorized agent or representative of the Trustees, shall have the right at all reasonable times during business hours to enter

8

upon the premises of the Employer and to examine and copy from the books and records of said Employers such information regarding hours worked by Employees as may be necessary to permit the Trustees to determine whether said Employers are making full payment to the Trustees of their Employer contribution.

## Section 6.5:   Rules and Regulations

The Trustees shall have the power to promulgate and adopt such rules and regulations as they may deem necessary to carry out the provisions of this Trust Agreement, provided that no such rules and regulations shall be inconsistent with any of the specific provisions contained herein.   All rules and regulations promulgated and adopted by the Trustees may be added to, amended or modified from time to time whenever necessary to carry out more effectively the purposes of this Trust, and all rules and regulations when adopted, and all additions, amendments or modifications thereof shall be deemed incorporated herein and shall become part hereof with the same force and effect as if herein set forth in full.

## Section 6.6:   Appointment of Administrator and Co-Administrator

The Trustees shall appoint an Administrator of this Trust, who shall serve as such under the direction and supervision of the Trustees.   It shall be the duty of the said Administrator to keep and maintain the books and records of the Trust in good order and condition at all times; to collect, receive, and deposit the income of the Trust; to pay all the necessary expenses in connection with the proper administration of the Trust and to sign checks in payment thereof; to scrutinize all applications for benefits hereunder and to see that all just claims are promptly paid, and said Administrator is hereby authorized to sign checks or drafts in payment thereof; and with the approval of the Trustees, to invest and re-invest any surplus assets; to employ such assistance and obtain such office space as may be required for the efficient handling of all Trust business; and to perform such other duties as the Trustees may from time to time require.   The said Administrator shall receive reasonable compensation for such services, payable in such manner as agreed to by the Trustees and Administrator during the said term, and he shall also be reimbursed for all proper expenses which he may incur in the performance of his duties.

The Trustees may also appoint a Co-Administrator of this Trust, who shall serve as such under the direction and supervision of the Trustees.   It shall be the duty of the said Co-Administrator to work in cooperation with the Administrator in the performance of the duties hereinabove set forth.   The said Co-Administrator shall receive reasonable compensation for his said services, and he shall also be reimbursed for all proper expenses which he may incur in the performance of his duties.

9

The Trustees shall enter into such contracts with the Administrator and Co-Administrator as in their judgment shall be for the best interest of the Trust.

## Section 6.7:   Sharing Expenses, Reciprocal Agreements

The Trustees shall have the power to associate and make agreements with the trustees of other funds established by the Association and the Union for the purpose of establishing joint administration of the several funds and the sharing of joint expenses.  The Trustees shall have the power to make agreements with such other entities to share expenses of collection of Employer contributions to the extent not prohibited by law.  The Trustees shall have the power, in their sole discretion, to enter into reciprocal agreements with the trustees of other pension plans qualified under section 401(a) of the Internal Revenue Code of 1986 by virtue of Section 501(a) of said Code which provides for the transfer of contributions of employers to or from either fund, and to promulgate such other rules, regulations and forms incident to such transfers or reciprocal agreements as are deemed advisable in their sole discretion.

## Section 6.8:   Investments

The Trustees shall have the power and authority, in their sole discretion, to invest and reinvest such funds as they may from time to time determine in such investments under applicable state and federal law related to the investment of employee pension trust funds.  The Trustees may sell, exchange or otherwise dispose of such investments at any time and from time to time.  The Trustees shall also have the power and authority (in addition to, and not in limitation of, common law and statutory authority) to invest in any stocks, bonds, or other property, real or personal, including improved or unimproved real estate and equity interests in real estate, where such an investment appears to the Trustees, in their discretion and consistent with their fiduciary obligations, to be in the best interest of the Fund.  The Trustees shall have the authority, in respect to any stocks, bonds, or other property, real or personal, held by them as Trustees, to exercise all such rights, powers and privileges that may be lawfully exercised by any other person owning similar stocks, bonds or other property in his own right.

In furtherance and not in limitation of the aforementioned powers, the Trustees shall have the power, in their sole, absolute and complete discretion, to invest and reinvest all or any part of the principal and income of the Fund, without distinction between principal and income, in such securities, or in such property, real or personal, wherever situated, as the Trustees shall deem advisable, including but not limited to common and preferred stock, whether or not listed on any

10

securities exchange, options, financial futures and options on
such financial futures (including futures contracts on U.S.
Treasury securities, mortgage-backed securities, and certificates
of deposits, and options on U.S. Treasury and agency securities,
financial futures contracts and mortgage-backed securities),
bonds, mortgages, notes and other evidences of indebtedness or
ownership, alone or with others, including participation in any
common or pooled trust fund established and maintained by any
corporate trustee for the collective investment of fiduciary
funds (and to the extent permitted by applicable law and not
otherwise in conflict with this Trust Agreement, the terms of
such collective funds are hereby incorporated by reference into
this Trust Agreement), or other property and may sell or
otherwise dispose of such securities or property at anytime and
from time to time on such terms as they see fit.    The Trustees
shall also have the power, in their sole, absolute and complete
discretion, to retain or terminate the services of one or more
investment advisors or managers to manage the investment of all
or any portion of the Fund, to retain or terminate the services
of an investment consultant or monitor, to retain or terminate
the services of a person, corporation or other organization to
vote all or a portion of the Fund's proxies, to lend or borrow
securities and to participate in securities lending programs.
Notwithstanding any other provisions of this Trust Agreement,
assets of this trust may be invested in any collective investment
fund maintained exclusively for the investment of assets of
exempt, qualified employee benefit trusts, to the extent and as
provided by ERISA or other applicable law.

## Section 6.9:   Delegation of Investment Functions

The Trustees shall have the power to appoint an investment
manager or managers (as defined in Section 3(38) of ERISA) to
manage (including the power to acquire or dispose of) any assets
of the Trust as are entrusted to its or their management (or to
vote proxies).  No Trustee shall be liable for the acts or
omissions of such investment manager or managers, or be under an
obligation to invest or otherwise manage any asset of the Plan
which is subject to the management of such investment manager.
The Trustees shall, in connection with any allocation or
delegation of investment functions, adopt appropriate investment
policies or guidelines.

## Section 6.10:   Delegation of Ministerial Powers or Duties

The Trustees may delegate any of their ministerial powers or
duties to any one or more of the remaining Trustees, or to any
neutral agent or employee engaged by the Trustees collectively.

11

## Section 6.11:   Delegation and Allocation of Fiduciary Duties

The Trustees may, by resolution or by provisions of this Trust Agreement, allocate or delegate fiduciary responsibilities to other individuals as they may deem appropriate or necessary in their sole discretion and consistent with ERISA.

## Section 6.12:   Insurance

The Trustees may in their discretion obtain and maintain policies of insurance, to the extent permitted by law, to insure themselves, the Fund, as well as employees or agents of the Trustees and of the Fund, while engaged in business and related activities for and on behalf of the Fund (1) with respect to liability to others as a result of acts, errors, or omissions of such Trustee or Trustees, employees or agents, respectively, and (2) with respect to injuries received or property damage suffered by them.  The cost of the premiums for such policies of insurance shall be paid out of the Fund, to the extent permitted by law.

## Section 6.13:   Bonds

The Trustees shall obtain from an authorized surety company such bonds as may be required by law, covering such persons and in such amounts as the Trustees, in their discretion, may determine.  The cost of premiums for such bonds shall be paid out of the Fund.

## Section 6.14:   Merger

The Trustees may merge this Fund and the assets of this Fund with another multiemployer defined benefit pension plan in which this Fund is the surviving trust fund, provided the other plan is qualified under §401(a) of the Internal Revenue Code and exempt from taxation under §501(a) of the Internal Revenue Code.  The Trustees are also authorized to enter into such other written agreements as may be necessary or prudent in the administration of the Fund, including agreements for the transfer of assets.

## Section 6.15:   Settlement of Claims and Controversies

The Trustees may in their sole discretion compromise or settle any claim or controversy in such manner as they shall determine, and any decision rendered by the Trustees to compromise or settle a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, shall be conclusive and binding on all persons interested in this Fund.

## Section 6.16:   Additional Powers

The Trustees are hereby empowered, in addition to such other powers as are set forth herein or conferred by law,

(a)   to enter into any and all contracts and agreements for carrying out the terms of this Trust Agreement and for the administration of the Fund, and to do all acts as they, in their discretion, may deem necessary or advisable, and such contracts and agreements and acts shall be binding and conclusive on the parties hereto and on the Participants, Beneficiaries and Pensioners;

(b)   to keep property and securities registered in the names of the Trustees or of the Fund or in the name of any other individual or entity duly designated by the Trustees;

(c)   to pay out of the Fund all real and personal property taxes, income taxes, and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Fund, or any money, property, or securities forming a part thereof; and

(d)   to do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary or proper for the protection of the property held hereunder.

Section 6.17:  Annual Audit

The Trustees shall have the Fund audited annually by a certified public accountant.

## ARTICLE VII

## RECORDS

The Trustees shall keep accurate records of its proceedings and actions.  They shall also maintain, or cause to be maintained, accounts showing the operation and condition of the Fund and shall keep, or cause to be kept, in convenient form such data as may be necessary for the determination of a Participant's vested interest at the beginning of the fiscal year, and shall file such records or report of their proceedings to the extent required by applicable laws.

## ARTICLE VIII

## COMPLIANCE WITH THE INTERNAL REVENUE CODE

The Trustees, in the performance of their duties hereunder, shall comply with all the requirements of the Internal Revenue Code of 1986, as from time to time enacted or amended, and with the regulations thereunder, to insure that the payments made into the Fund, either by monies due under the collective bargaining

13

agreements or other written agreements by the Employers or income derived from the investments of the corpus of the Fund, shall be entitled to received all the benefits of said Code as provided for therein.

## ARTICLE IX

## TRUSTEES MAY BE A PARTICIPANT OR BENEFICIARY

A Trustee who qualifies as an Employee may acquire any interest in the benefits of this Fund to the same extent as if he were not a Trustee.

## ARTICLE X

## EMPLOYERS TO PRESENT CERTAIN INFORMATION

The Trustees may require of all Employers to furnish the Trustees, together with each payment made to the Fund, a written statement setting forth the names of the employees covered by the payment, the period for which such payment is made, and other similar information to accurately apply such payment in accordance with Plan provisions.

## ARTICLE XI

## AMENDMENT TO TRUST AGREEMENT

This Trust Agreement may be amended by a vote of the Trustees with the consent of the Association and the Union, provided that such amendments are not inconsistent with the purpose of the Trust as herein set forth; and provided further that no amendment shall be effective unless it shall comply with the requirements of the Internal Revenue Code of 1986 as from time to time enacted or amended.

## ARTICLE XII

## TERMINATION

If, at the expiration of all collective bargaining agreements between the Union and the Employers, no further provisions are made for the continuance of the Fund, the corpus of the Fund shall be distributed by payment of all benefits in accordance with the termination provisions of the Plan.

14

# ARTICLE XIII

## ENTITLEMENT TO FUND ASSETS

### Section 13.1:  No Right, Title or Interest

No Employer, Association, Union, Employees, Participants and/or Beneficiaries, or any person claiming by, through or under any of them, shall have any right, title or interest in or to the Fund or any part thereof, except as is defined in the Plan and subject to all limitations set forth therein.

### Section 13.2  Prohibition Against Alienation and Assignment

The Fund shall not be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, mortgage or charge by any person other than the Trustees and their duly authorized representatives, and by such Trustees or representatives, only to the extent and for the purposes as herein specifically provided.  No Employee shall have the option to receive instead of the scheduled benefits any part of the contribution of the Employer.  No Employee shall have the right to assign, alienate or otherwise encumber the benefits to which he may be or become entitled to by reason of the Fund herein created or to receive a cash consideration in lieu of such benefits except as otherwise required by law or as may be permitted by the Trustees in their sole discretion consistent with applicable law.

### Section 13.3:  Refund of Employer Contributions

Contributions made by an Employer by a mistake of fact or law (other than a mistake relating to whether the Plan is described in Section 401(a) of the Internal Revenue Code of 1986, or the Trust which is a part of such Plan, is exempt from taxation under Section 501(a) of such Code) may be returned to the Employer within six (6) months after the Trustees determine in their sole discretion that the contribution was made by such a mistake, reduced first by any payments to Participants, Beneficiaries or Pensioners already made or vested as a result of such mistake, and further provided that no amount shall be refunded in excess of the amount of the contribution actually made, by mistake, and such refund shall be without interest.  The Trustees may promulgate such other conditions in the Plan as they deem desirable.

### Section 13.4:  Withholding Payment

In the event any question or dispute arises as to the proper person or persons to whom any payments shall be made under the

15

Plan or this Trust Agreement or any other instrument, the Trustees may withhold such payment until there shall have been made an adjudication or resolution of such question or dispute which, in the Trustees' sole judgment, is satisfactory to them, or until the Trustees shall have been fully protected against loss by means of such indemnification agreement or bond as they, in their sole judgment, determine to be adequate.

## ARTICLE XIV

## RELIANCE BY OTHERS

No party dealing with the Trustees in relation to this Trust shall be obliged to see to the application of any money or property of the Trust, or to see that the terms of this Trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of the Trustees, and every instrument executed by the Trustees shall be conclusive in favor of every person relying thereon (1) that at the time of the delivery of said instrument the Trust hereby created was in full force and effect, (2) that said instrument was executed in accordance with the terms and conditions contained in this Trust Agreement and (3) that the Trustees were duly authorized and empowered to execute such instrument. The receipt given by the Trustees for any monies or other properties received by them shall effectually discharge the person or persons paying or transferring same, and such person or persons shall not be bound to see to the application, or be answerable for the loss or misapplication thereof.

## ARTICLE XV

## MASSACHUSETTS TRUST

This Fund is created and accepted in the Commonwealth of Massachusetts, and all questions pertaining to the validity or construction of this instrument and of the acts and transactions of the parties shall be determined in accordance with the laws of the Commonwealth of Massachusetts, except to the extent superceded by federal law.

## ARTICLE XVI

## GENDER, TITLE REFERENCES

Whenever any words are used in this Trust Agreement in the masculine gender, they shall also be construed to include the

16

feminine or neuter gender in all situations where they would so apply; and whenever any words are used in the singular, it shall include the plural where to do so would apply, and whenever any words are used in the plural, they shall also be construed to include the singular. The Article and Section titles are included solely for convenience and shall in no event be construed as part thereof.

## ARTICLE XVII

## SAVINGS CLAUSE

Should any provision of this Trust Agreement be held to be unlawful, or unlawful as to any person or instance, such holding shall not adversely affect the other provisions contained herein or the application of said provisions to any other person or instance, unless such illegality shall make impossible the functioning of this Fund.

## ARTICLE XVIII

## COUNTERPARTS

The Trust Agreement may be executed in two or more counterparts, any one of which will be an original without reference to the others.

17

IN WITNESS WHEREOF, the undesigned have caused this instrument to be executed on their behalf by their officers thereunto duly authorized this 26th day of May, 1993.

ELECTRICAL CONTRACTORS ASSOCIATION OF GREATER BOSTON, INC.

BY: _____

LOCAL UNION NO. 103, I.B.E.W.

BY: _____

I hereby agree to act as Trustee in accordance with the foregoing Trust Agreement. I have read the foregoing instrument, fully understand the contents thereof, and agree to comply with all of its terms and provisions and to perform all of the duties therein obligated to me as Trustee.

By: _____
Russell F. Sheehan, Trustee

By: _____
David A. MacKay, Trustee

By: _____
Vincent P. Crowley, Trustee

By: _____
John A. Penney, Trustee

By: _____
James M. Naughton, Trustee

By: _____
Earnest Richards, Trustee

DWH39

18

AMENDMENT TO THE
RESTATED AGREEMENT AND DECLARATION OF TRUST
OF THE ELECTRICAL WORKERS PENSION FUND, LOCAL 103, I.B.E.W.

(As amended and restated through June 1, 1993)

Pursuant to the provisions of Article XI of the Restated Agreement and Declaration of

Trust of the Electrical Workers Pension Fund, Local 103, I.B.E.W. (the "Trust Agreement"), the

Trustees under the Trust Agreement, with the consent of the Association and Union, as therein

defined, hereby amend the Trust Agreement, effective June 1, 2002, by adding the following to

the end of Section 6.8:

> The Trustees shall also have the power to invest assets of the Fund
> in real estate operating companies, limited liability companies,
> limited partnerships or such other entities or ventures provided the
> liability of the Fund is limited in amount to the Fund's investment
> commitment in such entity or venture as determined by the
> Trustees, plus any related Fund expenses, including but not limited
> to investigation and due diligence fees, consulting fees, attorneys'
> fees, liability insurance premiums, or other similar expenses
> related to such investment as approved by the Trustees. The
> Trustees are authorized as part of such investment commitment to
> provide a security interest in the Fund in the amount of the unpaid
> investment commitment ("capital commitment"), to the extent of
> securing the Fund's capital commitment in such entity or venture
> or to a bank or other lending institution that is providing financing
> to such entity or venture and securing such financing by the capital
> commitment of the Fund in such entity or venture.

IN WITNESS WHEREOF, the undersigned Trustees (as Trustees and not individually)

have adopted and executed this amendment as a sealed instrument this 6th day of June, 2002,

effective as of June 1, 2002, with the consent of the undersigned Association and Union.

EMPLOYER TRUSTEES:

Paul A. Guarracino

John A. Penney

William Seaver

UNION TRUSTEES

John Dumas

Richard Gambino

Chuck Monahan

ELECTRICAL CONTRACTORS ASSOCIATION
OF GREATER BOSTON, INC.

BY:

LOCAL UNION NO. 103, I.B.E.W.

BY:

2

## ELECTRICAL WORKERS DEFERRED INCOME FUND
## OF THE ELECTRICAL CONTRACTORS ASSOCIATION
## OF GREATER BOSTON, INC. AND LOCAL 103 IBEW

Dated July 29, 1970, together with amendments thereto.

As Amended and Restated Effective October 1, 1978.

As Amended and Restated Effective ___April 1_____, 1991.

This amendment and restatement of the Trust Agreement of the Electrical Contractors Association of Greater Boston, Inc. and Local 103, IBEW, adopted by the signatory Trustees hereto on April 5, 1991, effective as of ___April 1_____, 1991.

WITNESSETH:

WHEREAS, effective as of July 29, 1970 the Electrical Contractors Association of Greater Boston, Inc. and Local 103, IBEW, entered into a Trust Agreement to provide for a Deferred Income Fund for employees employed under certain collective bargaining agreements dated August 1, 1970, as amended from time to time; and

WHEREAS, said Trust Agreement provides for amendment thereof by the Trustees, with the consent and ratification of the Union, Local 103, IBEW, and the Electrical Contractors Association.

WHEREAS, the Trustees desire to amend and restate said Trust Agreement in its entirety to comply with the requirements of the Employee Retirement Income Security Act of 1974.

NOW, THEREFORE, for and in consideration of the premises and mutual covenants herein contained, the Trustees hereby agree to amend and restate said Trust Agreement in its entirety as follows:

WITNESSETH THAT

WHEREAS, a Deferred Income Fund has been established by agreement with the Electrical Contractors Association of Greater Boston, Inc., recognized contractors and employers, and Local Union No. 103, IBEW, of Greater Boston, hereinafter referred to as the "Deferred Income Fund" from monies already paid and to be paid in accordance with Article IV, Section 6 (Deferred Income Fund), or as it may from time to time be further amended, of the Agreement between the Association and the Union; and

WHEREAS, it has been agreed that the Trustees shall be appointed in the manner following, to wit:  The Association shall name three of said Trustees; three of said Trustees shall be named by Local Union No. 103, IBEW; and

WHEREAS, the said Association has named John A. Penney, David R. Mackay, and Alfred L. Rotman, and the Union has named Russell F.

Sheehan, <u>William M. Swanson, Jr.</u>, and <u>James M. Naughton</u>, they are therefore designated as Trustees hereunder with full power and authority to act in the premises.

NOW, THEREFORE, the said Trustees hereby declare that they will hold such property and cash now to be acquired by them, as well as other property which they may acquire as Trustees, together with the proceeds thereof, in trust, to manage and dispose of the same for the benefit of those entitled hereunder and subject to the stipulations herein contained.

I.       <u>Name of Trust</u>

This Trust shall be known as the "Electrical Workers Deferred Income Fund, Local No. 103, IBEW."

II.       <u>Definitions</u>

As used in this instrument, the following terms shall have the meaning hereinafter set out:

(A)    "<u>Recognized contractors</u>" shall include a member of the Electrical Contractors Association of Greater Boston, Inc. or any independent electrical contractor signer of the collective bargaining agreement with Local Union No. 103, IBEW.

(B)    "<u>Employer</u>" shall include any recognized contractor; Local Union No. 103, IBEW; the Joint Apprenticeship Committee; the Electrical Construction Trust Funds; the Electrical Contractors Association of Greater Boston, Inc. (Association); the IBEW International Office; the Building and Construction Trades Council; and the Delta Wye Federal Credit Union.

(C)    "<u>Employee</u>" shall include

(1)    any workman whose earnings and working conditions are fixed by collective bargaining between the Electrical Contractors Association of Greater Boston, Inc., and Local Union No. 103, IBEW;

(2)    any officer or employee of Local Union No. 103, IBEW, who receives wages or salaries from the said Local Union No. 103, IBEW; any duly elected or appointed officer of the IBEW International Office or of the AFL-CIO, or of the Building and Construction Trades Council, provided they are members of said Local Union No. 103, IBEW; any employee of the Joint Apprenticeship Committee; any member of the Electrical Construction Trust Funds; any employee of a recognized contractor; any

2

employee of the Association
Delta-Wye Federal Credit Uni[...] of the
that any employee so listed[...] however,
Section II hereof shall have [...] (C) of
rates set by the Trustees whi[...] paid at
to the amounts required to[...] uivalent
bargaining unit agreement.[...]der the

(D)    "Participant" shall mean any emp[...]ined in
Section II, Paragraphs (C)(1) and [...]
respect to whom monies are being pa[...]of with
by the Trustees which shall be equi[...]et forth
required to be paid by said Article [...] amounts
the Bargaining Unit Agreement.

(E)    "Annuitant" shall mean one who has [...]d by the
Trustees as one entitled to receiv[...]from the
Deferred Income Fund.

(F)    "Beneficiary" shall mean any person[...]pursuant
to the plan to receive benefits which[...]er on or
after an annuitant's death. Wheneve[...]s of an
annuitant are stated or limited here[...]eficiary
shall be bound thereby.

(G)    "Trust Agreement" shall mean this agr[...], if the
same be amended, this agreement, as s[...]

(H)    "Trust" shall mean that to which effe[...]n by the
trust agreement.

(I)    "Plan" or "Deferred Income Plan" shall [...]schedule
or program of amounts and types of be[...] be paid
from the Deferred Income Fund, incl[...]gibility
requirements to be met by particip[...] qualify
therefor, conditions of payment, and o[...]sary and
desirable provisions relating to the [...], as in
effect at the time of execution of thi[...]d Income
Fund agreement or as thereafter amended[...]rustees;
said Plan or Appendix is appended her[...]entitled
"Deferred Income Plan as Set Forth in th[...]x to the
Declaration of Trust between the Electri[...]ractors'
Association of Greater Boston, Inc., an[...]nion No.
103, IBEW."

(J)    "Fund" (Deferred Income Fund) shall mean[...]al money
payments made hereunder, increased b[...]profits,
incomes, refunds, and recoveries receiv[...]eased by
benefits paid, expenses incurred in admi[...]ion, and
losses which may be incurred through [...]ence or
otherwise.

Whenever appropriate, words used in the singular may include the plural or the plural may be read as the singular, and the masculine may include the feminine.

III.    Important Dates

The "funding date" of this Agreement was August 3, 1970;

The "effective date" of this Agreement was July 29, 1970;

The "anniversary date": The anniversary of the effective date in each subsequent year.

IV.    Administration and Amendment of the Plan

The Trustees shall, in the manner consistent with the collective bargaining agreement between the Union and the Association, this Agreement and Declaration of Trust, the Labor Management Relations Act of 1947, the Employee Retirement Income Security Act of 1974, and all other applicable State and Federal laws, all as presently constituted or hereafter amended, administer the Deferred Income Plan (the appendix to this Agreement and Declaration of Trust) for the exclusive benefit of participants and their beneficiaries. They may also at their discretion, at any time and from time to time, in the same manner, amend the said Deferred Income Plan; provided, however, that at no time shall any benefits other than annuities or fixed benefits be provided for or paid under this Agreement and Declaration of Trust.

V.    Records

The Trustees shall keep accurate records of their proceedings and actions. They shall also maintain, or cause to be maintained, accounts showing the operation and condition of the trust fund and shall keep, or cause to be kept, in convenient form such data as may be necessary for the determination of a participant's vested interest at the beginning of the fiscal year, and shall file such records or report of their proceedings to the extent required by State or Federal laws.

VI.    Compliance with the Internal Revenue Code

The Trustees, in the performance of their duties hereunder, shall comply with all the requirements of the Internal Revenue Code, as from to time enacted or amended, and with the regulations thereunder, to insure that the payments made into the fund, either by monies due under the collective bargaining agreement by the employers or income derived from the investments of the corpus of the fund, shall be entitled to

4

receive all the benefits of said Internal Revenue Code as provided for therein.

## VII.   Liability of Trustees

The Trustees shall not be liable for any error of judgment, or for any loss arising out of any act or omission in the execution of this trust so long as they act in good faith and use reasonable care, nor shall they be personally liable for the acts or omissions of each other, or for the acts or omissions of any officer, agent, or servant elected or appointed by or acting from them.

Each of the Trustees shall be protected in acting upon any paper or document believed by him to be genuine and to have been made, executed or delivered by the proper party purporting to have made, executed or delivered the same, and shall be protected in relying and acting upon the opinion of legal counsel in connection with any matter pertaining to the administration or execution of this Trust Fund. Anything herein to the contrary notwithstanding, nothing in this agreement shall relieve a Trustee or plan employee of any responsibility or liability for any responsibility, obligation or duty under Section 410 of ERISA.

## VIII.   Trustee May be a Beneficiary

A Trustee, subject to the limitations herein expressed, provided he qualifies as an "employee" under Section II, Paragraphs (C)(1) and (C)(2) hereof, may acquire any interest in the benefits of this trust to the same extent as if he were not a Trustee.

## IX.   Employers to Present Certain Information

The Trustees shall arrange with all employers to furnish the Trustees, together with each payment made to the Fund, a written statement setting forth the names of the employees covered by the payment and the period for which such payment is made.

## X.   Restrictions as to Use of Fund

None of the monies paid into the Fund shall be used for any other purpose other than to provide for the annuities and benefits provided for herein or in the Appendix and to defray the administration expenses incurred by the Trustees or for inadvertent losses.

## XI.   Deposits

All monies paid into the Fund shall be deposited in such banks

5

as the Trustees may from time to time determine, and shall be kept separate from all other funds and shall be drawn against as required for current operating expenses and shall be used for the purposes set forth in this trust indenture.

XII.     <u>Trustees to Collect Contributions</u>

The Trustees shall demand, collect, receive, and hold monies due under the collective bargaining agreement and shall take such steps as may be necessary or desirable to effectuate the collection of such monies.

XIII.     <u>Trustees' Responsibility and Authority for Administering Fund</u>

(A)     The Trustees shall be charged with the responsibility of administering the Fund, of maintaining the proper records, of receiving payments in behalf of the Fund and depositing same, for the payment of annuities and benefits provided for in the Plan, and for expenses incurred by the Trustees and the Administrator and Co-Administrator.

(B)     The Trustees shall have the power to require any Employer and/or the Union to furnish to the Trustees such information and reports as they may require in the performance of their duties under this Agreement and Declaration of Trust, and the Employer and/or the Union shall furnish the same when so required. The Trustees, or any authorized agent or representative of the Trustees, shall have the right at all reasonable times during business hours to enter upon the premises of Employer and to examine and copy from the books and records of said Employers such information regarding hours worked by Union members as may be necessary to permit the Trustees to determine whether said Employers are making full payment to the Trustees of their Employer contribution.

(C)     The Trustees may delegate any of their ministerial powers or duties to any one or more of the remaining Trustees, or to any neutral agent or employee engaged by the Trustees collectively.

(D)     The Trustees shall have the power to promulgate and adopt such rules and regulations as they may deem necessary to carry out the provisions of this Agreement and Declaration of Trust, provided that no such rules and regulations shall be inconsistent with any of the specific provisions contained herein. All rules and regulations promulgated and adopted by the Trustees may be added to, amended or modified from time to time

6

whenever necessary to carry out more effectively the purposes of this Trust, and all rules and regulations when adopted, and all additions, amendments or modifications thereof shall be deemed incorporated herein and shall become party hereof with the same force and effect as if herein set forth in full.

(E)   The Trustees shall have the discretionary authority and exclusive right to promulgate rules and regulations with respect to eligibility for benefits hereunder and discretionary authority to construe the terms hereunder.

(F)   No party dealing with the Trustees in relation to this Trust shall be obliged to see to the application of any money or property of the Trust, or to see that the terms of this Trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of the Trustees, and every instrument executed by the Trustees shall be conclusive in favor of every person relying thereon (1) that at the time of the delivery of said instrument the Trust hereby created was in full force and effect, (2) that said instrument was executed in accordance with the terms and conditions contained in this Agreement and Declaration of Trust and (3) that the Trustees were duly authorized and empowered to execute such instrument.

(G)   The receipt given by the Trustees for any monies or other properties received by them shall effectually discharge the person or persons paying or transferring same, and such person or persons shall not be bound to see to the application, or to be answerable for the loss or misapplication thereof.

(H)   The Trustees shall have the power to appoint an investment manager or managers to manage (including the power to acquire or dispose of) any assets of the Trust as are entrusted to its or their management. No Trustees shall be liable for the acts or omissions of such investment manager or managers, or be under an obligation to invest or otherwise manage any asset of the plan which is subject to the management of such investment manager.

(I)   Notwithstanding any other provisions of this trust, assets of this trust may be invested in any collective investment fund maintained exclusively for the investment of assets of exempt, qualified employee benefit trusts, to the extent and as provided by ERISA or other applicable law.

7

XIV.       Trustee's Compensation

The Trustees may authorize compensation to those Trustees who lose time and wages from work as a result of attendance at meetings and the performance of duties for the Fund.  The Trustees may authorize reimbursement of expenses properly and actually incurred by Trustees and Administrators in performance of their duties for the Fund.  The Trustees may authorize the Trustees and Administrators to attend appropriate seminars concerning employee benefit plans, and conferences of the International Foundation of Employee Benefit Plans, as a function of their duties for the plan.  No fiduciary of the plan who receives full time pay from an employer, or an association of employers, whose employees are participants in the plan, or from an employee organization whose members are participants in the plan, shall receive compensation from the plan, except for reimbursement of expenses properly and actually incurred.

XV.       Trustees' Meetings and Organization

(A)   Any two Trustees may call a meeting of the Trustees at any time by giving at least five (5) days' written notice of the time and place thereof to each Trustee.  Meetings of the Trustees may also be held at any time without notice if all the Trustees consent thereto.  A quorum for the transaction of business shall consist of at least four Trustees, two of whom must represent the Association and two of whom must represent the Union.

(B)   During the month of June in each year, the Trustees shall select from among the Trustees a Chairman of the Trustees to serve for a term of one year commencing July 1st in each year.

(C)   The Trustees may from time to time designate one of their number to act as Secretary of the Trustees and of the Fund.

(D)   Decisions of the Trustees shall be made by the concurring vote of a majority of Trustees, provided, however, that no decision shall be made unless a minimum of two Trustees from each group cast a vote thereon, or are present to cast a vote thereon.  In voting on any question, neither group of Trustees shall cast more votes in the aggregate than the other.  If all of the Trustees, designated by the Association or by the Union as the case may be, are not present at such meeting, each side shall be entitled to cast as many votes or the same number of votes as the Trustees designated by the other side present at said meeting shall be entitled to cast, it being the intention hereof that at any meeting of the

8

Trustees, regardless of the number present, the Trustees representing the Union and the Employer shall have equal voting power.

In the event of a deadlock among the Trustees, the question shall be decided by an impartial umpire agreed upon by the Trustees or appointed by the United States District Court for the District of Massachusetts.

(E)  All questions that may arise or come before the Trustees shall be determined by the affirmative vote in person of a majority of the Trustees.  Such vote may be given in meeting assembled or by a writing signed by the Trustees, or by a majority of them, provided such writing is signed by two or more Trustees designated by the Union, and two or more Trustees designated by the Association, and such decision or act of a majority of the Trustees shall be binding and conclusive upon the parties hereto, the Board of Trustees, the participant, and all beneficiaries.

XVI.    <u>Vacancies</u>

In case of death, resignation, or inability to act of any such Trustees, the vacancy thereby created shall be filled by the group whose representation on the Board of Trustees has been affected.  As soon as any Trustee, named to fill a vacancy, has accepted this trust, the trust estate shall vest in the new Trustee or Trustees, together with the continuing Trustees without any further act or conveyance.  A vacancy on the Board of Trustees shall be filled within fifteen (15) days from the date of its occurrence.

XVII.    <u>Beneficiary Rights of Notice and Review</u>

(A)  Every participant or beneficiary whose claim for benefits has been denied, shall be given adequate notice in writing, setting forth the specific reasons for such denial.

(B)  Every participant or beneficiary whose claim for benefits has been denied shall be given a reasonable opportunity for a full and fair review by an appropriate named fiduciary, of the decision denying the claim.

XVIII.    <u>Appointment of Administrator and Co-Administrator</u>

The Trustees shall appoint an Administrator of this trust, who shall serve as such under the direction and supervision of the Trustees.  It shall be the duty of the said Administrator to keep and maintain the books and records of the trust in good order and condition at all times; to collect, receive, and deposit the income of the trust; to pay all the necessary

9

expenses in connection with the proper administration of the said trust and to sign checks in payment thereof; to scrutinize all applications for benefits hereunder and to see that all just claims are promptly paid, and said Administrator is hereby authorized to sign checks or drafts in payment thereof; and, with the approval of the Trustees, to invest and re-invest any surplus assets; to employ such assistance and hire such office space as may be required for the efficient handling of all trust business; and to perform such other duties as the Trustees may from time to time require. The said Administrator shall receive reasonable compensation for such services, payable in weekly installments during the said term, and he shall also be reimbursed for all proper expenses which he may incur in the performance of his duties.

The Trustees may also appoint a Co-Administrator of this trust, who shall serve as such under the direction and supervision of the Trustees. It shall be the duty of the said Co-Administrator to work in cooperation with the Administrator in the performance of the duties hereinabove set forth. The said Co-Administrator shall receive reasonable compensation for his said services, and he shall also be reimbursed for all proper expenses which he may incur in the performance of his duties.

The Trustees shall enter into such contracts with the Administrator and Co-Administrator as in their judgment shall be for the best interest of the trust.

IX.  <u>Employers' Obligation to Pay Contributions</u>

The obligations undertaken by each Employer for the payment of sums to the Trust Fund as provided for herein shall be on a parity as valid and enforceable as is his obligation to pay wages to his Employees.

XX.  <u>Termination</u>

If, at the expiration of the working agreement between the Union and the Employers, no further provisions are made for the continuance of the Deferred Income Fund, such Funds shall be distributed in accordance with the amount paid into the Fund for each participant increased by profits and decreased by for each participant increased by profits and decreased by administration expenses and losses which may have been incurred.

XXI.  <u>Amendment to Trust</u>

This Declaration of Trust may be amended by a vote of the Trustees with the consent of the Association and the Union, provided that such amendments are not inconsistent with the

10

purpose of the Trust as herein set forth; and provided further that no amendment shall be effective unless it shall comply with the requirements of the Internal Revenue Code as from time to time enacted or amended, and the regulations thereunder.

The Trustees, however, shall have the power to change, amend, and alter the "Appendix to the Declaration of Trust between the Electrical Contractors Association of Greater Boston, Inc., and Local Union No. 103, IBEW," by a majority vote of the Trustees.

XXII. Contributions made by an Employer by a mistake of fact or law (other than a mistake relating to whether the Plan is described in Section 401(a) of the Internal Revenue Code of 1954 or the Trust which is part of such plan, is exempt from taxation under Section 501(a) of such code, may be returned to the Employer within six (6) months after the Plan Administrator determines that the contribution was made by such a mistake.

IN WITNESS WHEREOF the undersigned have caused this instrument to be executed on their behalf by their officers thereunto duly authorized this _____5th_____ day of _____April_____, 1991.

ELECTRICAL CONTRACTORS ASSOCIATION OF GREATER BOSTON, INC.

By: _____

LOCAL UNION NO. 103, I.B.E.W.

By: _____

We hereby agree to act as Trustees in accordance with the foregoing Agreement and Declaration of Trust. We have read the foregoing instrument, fully understand the contents thereof, and agree to comply with all its terms and provisions and to perform all of the duties therein delegated to us as Trustees.

JKT012

11