UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Plaintiffs/Defendants-in-Counterclaim  vs.  RICHARDSON ELECTRIC COMPANY, INC., Defendant/Plaintiffs-in-Counterclaim  and  BANK OF NEW HAMPSHIRE, Trustee | C.A. No. 03-12477 JLA |

### ANSWERS TO INTERROGATORIES OF RUSSELL F. SHEEHAN, AS HE IS ADMINISTRATOR OF ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; AND ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local

Rules of the United States District Court for the District of Massachusetts, Plaintiffs/Defendants-



in-Counterclaim Russell F. Sheehan, as he is Administrator, et al ("Sheehan") makes the following Answers and Objections to Defendant/Plaintiff-in-Counterclaim Richardson Electric Company, Inc.'s ("Richardson") Interrogatories.

## INTERROGATORY NO. 1

Please identify yourself, including your name, job title, position, employer, business address, home address and social security number.

## *ANSWER NO. 1*

Sheehan objects to this interrogatory as it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Sheehan states as follows: Russell F. Sheehan, Administrator, International Brotherhood of Electrical Workers Local 103 Trust Funds, 256 Freeport Street, Dorchester, Massachusetts 02122.

## INTERROGATORY NO. 2

Please identify each and every person known or believed by you to have discoverable knowledge concerning the transactions/occurrences which are the subject of the Complaint, Answer, and Counterclaim.

## *ANSWER NO. 2*

Sheehan states as follows: Richardson agents including (but not limited to) Barbara Wade, 17 Batchelder Road, Seabrook, New Hampshire, Vaughan Richardson (same), Linda Richardson (same), and Glen Richardson (same); International Brotherhood of Electrical Workers Local 103 Trust Funds agents including (but not limited to) Russell Sheehan, International Brotherhood of Electrical Workers Local 103 Trust Funds, 256 Freeport Street, Dorchester, Massachusetts 02122, Karen Martell (same), and Richard Gambino (same); and

Richardson employees including (but not limited to) John Federico (address unknown), Allen Cole, Jr. (same), Ronald Sanders (same), Wayne Perry (same), Troy Perrault (same), Neil Werfel (same), Peter Eastman (same), Michael Merrill (same), Philip Plante (same), Christopher Clark (same), Orville Johns (same), Jerry Dufour, Jr. (same), Keith Barker (same), Dean Berry (same), Roland Cardorette (same), Michael Bennett (same), Luis Ariza (same), Kevin Poulin (same), Scott Duntley (same), and Gordon Cunningham (same); and International Brotherhood of Electrical Workers Locals 490 and 96.

## **INTERROGATORY NO. 3**

Please describe in detail all communications between any individual associated at any time with any of the Plaintiffs, including any current or former representatives, employees, agents, managers, directors, or officers of any of the Plaintiffs, and any individual associated at any time with Richardson, including any current or former employees, agents, managers, or officers of Richardson, concerning the transactions/occurrences which are the subject of the Complaint, Answer, and Counterclaim. Include within your answer the identities of the individuals who participated in the communications or who were present during the communications.

## *ANSWER NO. 3*

Sheehan objects to this interrogatory as it is vague, unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Sheehan states that over the course of their business relationship, the Funds and Richardson have held numerous discussions regarding the subject of the Plaintiffs' claim, the payment of contributions. Further, the Funds have sent numerous letters to Richardson demanding the payment of contributions and interest owed at various times. Sheehan also states

3

that Richardson had been made aware that under the terms of the collective bargaining agreement to which it is signatory it was obligated to make contributions payments for work done in Local 103's jurisdiction to the Local 103 Trust Funds. Further answering, Sheehan directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

**INTERROGATORY NO. 4**

Please describe in detail all communications by or in the presence of any individual associated at any time with any of the Plaintiffs, including any former or current representatives, employees, agents, managers, directors, or officers of the Plaintiffs, concerning the transactions/occurrences which are the subject of the Complaint, Answer, and Counterclaim. Describe in detail within your answer the identities of the individuals who participated in the communications or who were present during the communications.

*ANSWER NO. 4*

Sheehan objects to this interrogatory as it is vague, unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Further answering, Sheehan objects to this interrogatory to the extent it seeks information that is subject to attorney-client privilege, the work product doctrine, or any other statutory or common law privilege against disclosure. Without waiver of the foregoing objections, Sheehan states that over the course of the Funds' business relationship with Richardson, numerous conversations would have been held in the usual course of business amongst Funds employees or between the Funds and the Union regarding whether contributions had been properly paid by Richardson. Further answering, Sheehan directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 5

Please identify all officers, employees, and agents of all Plaintiffs for the period September 1, 1995 to the present.

## *ANSWER NO. 5*

Sheehan objects to this interrogatory as it is unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Sheehan states that the following persons served as officers, employees, or agents of the Funds during the relevant time period and may have discoverable knowledge concerning the transactions/occurrences which are the subject of the Complaint, Answer, and Counterclaim: Russell F. Sheehan, International Brotherhood of Electrical Workers Local 103 Trust Funds, 256 Freeport Street, Dorchester, Massachusetts 02122, Karen Martell (same), Richard Gambino (same), Michael Monahan, International Brotherhood of Electrical Workers Local 103, 256 Freeport Street, Dorchester, Massachusetts 02122, and Brian Lally (same).

## INTERROGATORY NO. 6

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 22 of the Complaint.

## *ANSWER NO. 6*

Sheehan objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Sheehan states that the Funds' attorney, Anne R. Sills, Esquire, sent certified letters to Richardson dated May 5 and 30, June 30, August 27, and October 28, 2003, notifying Richardson of its delinquency. Further answering, Sheehan directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 7

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 24 of the Complaint.

## *ANSWER NO. 7*

Sheehan objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Sheehan states that as of the date of the Complaint, Richardson had failed and refused to pay $6,431.40 in contributions then owed for the months June and July, 2003. Further answering, Sheehan states that Richardson had also not paid contributions owed for September and October, 2003 at that time. Richardson has subsequently paid contributions owed for June and July, 2003, and Sheehan directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 8

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 25 of the Complaint.

## *ANSWER NO. 8*

Sheehan objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Sheehan states that Richardson's failure to pay $82,588.79 to date in contributions owed to the Funds, which figure is comprised of contributions payments that were incorrectly remitted to other locals plus the difference between what was paid to these other locals and what should have been paid to Local 103 Trust Funds under their Agreement with Richardson, is a violation of said Agreement and of §515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145. Further answering, Sheehan directs Richardson's attention

6

to the documents produced in response to the Defendant's First Request for Production of Documents.

**INTERROGATORY NO. 9**

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 26 of the Complaint.

*ANSWER NO. 9*

Sheehan objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Sheehan states that Richardson's failure to pay $82,588.79 to date in contributions owed to the Funds, which figure is comprised of contributions payments that were incorrectly remitted to other locals plus the difference between what was paid to these other locals and what should have been paid to the Local 103 Trust Funds under their Agreement with Richardson, is a violation of said Agreement and of §515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1145. Further answering, Sheehan directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

**INTERROGATORY NO. 10**

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 27 of the Complaint.

*ANSWER NO. 10*

Sheehan objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Sheehan states that §502(h) of ERISA requires that a copy of the Complaint be served by certified mail upon the U.S. Secretary of Labor and the U.S. Secretary of the Treasury.

7

Further answering, Sheehan directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

**INTERROGATORY NO. 11**

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 29 of the Complaint.

*ANSWER NO. 11*

Sheehan objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Sheehan states that Richardson's failure to pay $82,588.79 to date in contributions owed to the Funds, which figure is comprised of contributions payments that were incorrectly remitted to other locals plus the difference between what was paid to these other locals and what should have been to Local 103 under their Agreement with Richardson, is a violation of said Agreement and of §515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1145. Further answering, Sheehan directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

**INTERROGATORY NO. 12**

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 33 of the Complaint.

*ANSWER NO. 12*

Sheehan objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Sheehan states that, under the terms of Section 4.6 of the Agreement to which it is signatory and of §301 of the Labor Management Relations Act, 29 U.S.C. §185, Richardson was obligated to deduct working dues from the pay of union members upon receipt of authorization from such members and to remit those dues to the International Brotherhood of Electrical

Workers, Local 103. Richardson failed and refused to remit dues for the months of March, June, and October, 2003. Further answering, Sheehan directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 13

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 34 of the Complaint.

## *ANSWER NO. 13*

Sheehan objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Sheehan states that, under the terms of Section 4.6 of the Agreement to which it is signatory and of §301 of the Labor Management Relations Act, 29 U.S.C. § 185, Richardson was obligated to deduct working dues from the pay of union members upon receipt of authorization from such members and to remit those dues to the International Brotherhood of Electrical Workers, Local 103. Richardson failed and refused to remit dues for the months of March, June, and October, 2003. Further answering, Sheehan directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 14

Please describe in detail Local 103's obligations under the Agreement with respect to Apprentices.

## *ANSWER NO. 14*

Sheehan states that, according to Section 3.7 of the Agreement, "No Employer is guaranteed any specific number of apprentices. The [Joint Apprentice and Training] Committee will determine whether or not any individual Employer is entitled to an apprentice as well as the total number of apprentices to be assigned to that Employer."

9

## INTERROGATORY NO. 15

Please describe in detail how Local 103 complied with its obligations under the Agreement to provide Apprentices to Richardson at all times.

## *ANSWER NO. 15*

Sheehan objects to this interrogatory as it is vague and overbroad. Further answering, Sheehan objects to this interrogatory to the extent that it states that Local 103 has obligations under the Agreement to provide Apprentices to Richardson at all times. Without waiver of the foregoing objections, Sheehan states that he does not possess sufficient knowledge with which to answer this interrogatory.

## INTERROGATORY NO. 16

Please identify all instances when any electrical contractor requested Local 103 to provide Apprentices in connection with the Agreement or any prior or subsequent agreement for the period 1995 to the present.

## *ANSWER NO. 16*

Sheehan objects to this interrogatory as it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Sheehan states that he does not possess sufficient knowledge with which to answer this interrogatory.

## INTERROGATORY NO. 17

With respect to all instances identified in connection with the previous interrogatory, please identify all communications between Local 103 and the Electrical Contractor.

*ANSWER NO. 17*

Sheehan objects to this interrogatory as it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Sheehan states that he does not possess sufficient knowledge with which to answer this interrogatory.

**INTERROGATORY NO. 18**

With respect to all instances identified in response to Interrogatory 16, identify all instances when Local 103 was unable to provide such apprentices.

*ANSWER NO. 18*

Sheehan objects to this interrogatory as it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Sheehan states that he does not possess sufficient knowledge with which to answer this interrogatory.

**INTERROGATORY NO. 19**

With respect to all instances identified in response to Interrogatory 16, identify all instances when Local 103 advised the electrical contractor to conduct a union local other than Local 103.

*ANSWER NO. 19*

Sheehan objects to this interrogatory as it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Sheehan states that he does not possess sufficient knowledge with which to answer this interrogatory.

## INTERROGATORY NO. 20

With respect to all instances identified in connection with Interrogatory 18, please state whether any Electrical Contractor so identified is still party to any agreement with you and whether such entity has been sued by you.

## *ANSWER NO. 20*

Sheehan objects to this interrogatory as it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Sheehan states that he does not possess sufficient knowledge with which to answer this interrogatory.

## INTERROGATORY NO. 21

Please identify all witnesses you intend to call in trial of this case.

## *ANSWER NO. 21*

Sheehan objects to this interrogatory as it is unduly burdensome. Without waiver of the foregoing objection, Sheehan states that he has not yet determined trial witnesses, but that he reserves the right to amend this answer.

## INTERROGATORY NO. 22

If the Plaintiff or his attorneys intend to call an expert witness at the trial of this matter, please:

    a)     identify each and every such expert;

    b)     identify each and every such expert's qualifications;

    c)     state the subject matter on which each such person is expected to testify;

    d)     state the substance of the facts and opinions to which each such person is expected to testify; and

c) state a summary of the grounds for each such opinion

## ANSWER NO. 22

Sheehan states that he has not yet determined expert witnesses, but that he reserves the right to amend this answer.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ____ DAY OF MARCH, 2005.

_____
Russell F. Sheehan

As to Objections,

_____
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Answers to Interrogatories has been served by first class mail upon the defendant's attorney Alan Hoffman at Lynch, Brewer, Hoffman & Fink, LLP, 101 Federal Street, Boston, MA 02110 this ____ day of March, 2005.

_____
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3013 99-254/ansinterrog-sheehan.doc