UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,
        Plaintiffs/Defendants-in-Counterclaim

vs.

RICHARDSON ELECTRIC COMPANY, INC.,
        Defendant/Plaintiffs-in-Counterclaim

and

BANK OF NEW HAMPSHIRE,
        Trustee

C.A. No. 03-12477 JLA

**PLAINTIFFS' MEMORANDUM IN REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

In its Opposition brief, the Defendant concedes that employers may not assert traditional contractual defenses – such as promissory estoppel – against a union in a claim for delinquent contributions owed a trust fund under 29 U.S.C. §1145. However, the Defendant goes on to cite a line of case law that, according to the Defendant, stands for the proposition that traditional

contractual defenses may be asserted in a claim against an employer brought by a trust fund *if the fund, by its agent, participates in the acts which establish the defense*.  In essence, the Defendant claims that I.B.E.W. Local 103 business agent Brian Lally is an agent of the Local 103 Trust Funds, that Mr. Lally told the Defendant to pay its fringe benefit contributions directly to another local's benefit funds, and as such, that the Funds should be estopped from claiming the contributions owed.  Admittedly, this would be a tidy defense if not for one major flaw – it has no true factual support.  Mr. Lally is not an agent of the Funds and anything more than a merely cursory review of the record supports this proposition.

In fact, the Defendant's *entire* support for its argument that Mr. Lally is an agent of the Funds is the result of a single obvious error in a single interrogatory answer.  The interrogatory in question, and the corresponding answer, read as follows:

> **INTERROGATORY NO. 5**
>
> Please identify all officers, employees, and agents of all Plaintiffs for the period September 1, 1995 to the present.
>
> *ANSWER NO. 5*
>
> Sheehan objects to this interrogatory as it is unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiver of the foregoing objections, Sheehan states that the following persons served as officers, employees, or agents of the Funds during the relevant time period and may have discoverable knowledge concerning the transactions/occurrences which are the subject of the Complaint, Answer, and Counterclaim:  Russell F. Sheehan, International Brotherhood of Electrical Workers Local 103 Trust Funds, 256 Freeport Street, Dorchester, Massachusetts 02122, Karen Martell (same), Richard Gambino (same), Michael Monahan, International Brotherhood of Electrical Workers Local 103, 256 Freeport Street, Dorchester, Massachusetts 02122, and Brian Lally (same).

Answers to Interrogatories of Russell F. Sheehan, Answer No. 5, attached to the Defendant's Opposition to Plaintiffs' Motion for Summary Judgment as Exhibit 8.  Although Answer No. 5

2

mistakenly reads "the following persons served as officers, employees, or agents of the Funds," it is clear – given just the slightest degree of context – that the Plaintiffs' intent was for the language to read "the following persons served as officers, employees, or agents of the Plaintiffs." After all, the interrogatory clearly requests just that: an identification of all officers, employees, and agents of *all Plaintiffs*. Because the I.B.E.W. Local 103, the Union, is one of the named Plaintiffs in this matter, and because Mr. Lally was a business agent for the Union, his name was listed in Answer No. 5.

Further, Answer No. 5 specifies Mr. Lally and his supervisor, Union business manager Michael Monahan, as being in the employ of the I.B.E.W. Local 103 as opposed to the I.B.E.W. Local 103 Trust Funds. If the Plaintiffs had intended to list all five names as being "officers, employees, or agents of the Funds," they would not have gone to the trouble of drawing a line differentiating Funds officials Mr. Sheehan, Ms. Martell, and Mr. Gambino from Union officials Mr. Monahan and Mr. Lally.

The Defendant's cursory rationale for its argument that Mr. Lally is an agent of the Funds also ignores Mr. Sheehan's Answer to Interrogatory No. 2, in which he lists the "International Brotherhood of Electrical Workers Local 103 Trust Funds agents" as himself, Karen Martell, and Richard Gambino. Mr. Lally's name is not mentioned in Sheehan's Answer to Interrogatory No. 2. His name is mentioned, however, in the Union's Answer to Interrogatory No. 2 – also ignored by the Defendant – in which Mr. Monahan lists the "International Brotherhood of Electrical Workers Local 103 agents" as himself and Mr. Lally. See Answers to Interrogatories of International Brotherhood of Electrical Workers, Local 103, Answer No. 2, attached hereto as Exhibit 1.

3

The Defendant grasps on to the Plaintiffs' obvious mistake in Answer No. 5 because there is nothing else in the record to support its argument. As detailed above, the whole of the Plaintiffs' discovery responses – including the remainder of Sheehan's Answer No. 5 – refute the Defendant's contention. Further, the many deposition transcripts in this matter similarly lend no credence to the Defendant's contention. In his deposition, Mr. Lally stated that his employer is the "I.B.E.W. Local 103," and after being asked a number of questions regarding the workings of the Funds' market recovery program, flatly stated, "I don't know, you know, the workings of the Fund." Deposition of Brian Lally, attached hereto as Exhibit 2, p. 4, ll. 19-20; p. 18, ll. 21-22.

Throughout the other deponents' transcripts, Mr. Lally is only mentioned with regard to his work as an agent of the Union. Mr. Monahan's transcript contains a reference to Mr. Lally as one of two business agents in the Merrimack Valley during the relevant time period. Deposition of Michael Monahan, attached hereto as Exhibit 3, p. 34, ll. 5-16. Former business manager Richard Gambino stated that he hired Mr. Lally as a business agent prior to leaving the position of Union business manager in order to become assistant administrator of the Funds. Deposition of Richard Gambino (day two), attached hereto as Exhibit 4, p. 33, ll. 11-14.

Even Vaughan Richardson, one of the Defendant's agents, continuously refers to Mr. Lally only in the context of his work as a business agent for the Union whose purpose was to assign electricians to one of the Defendant's jobs. When asked why he initially communicated with Mr. Lally, Mr. Richardson stated, "To ask him about bodies." Deposition of Vaughan Richardson, attached to the Defendant's Opposition to Plaintiffs' Motion for Summary Judgment as Exhibit 2, p. 62, l. 20. Further, when asked why he spoke with Mr. Lally at their second meeting, Mr. Richardson stated, "Because I was going to need some more bodies. The business manager's office is who you call to get bodies." Richardson Depo., p. 69, l. 24 and p. 70, l. 3.

4

When Mr. Richardson was deposed as to his allegation that Mr. Lally had informed the Defendant that it should pay benefits to the electricians' home local, Mr. Richardson was asked, and answered, as follows:

> Q: So you were assuming that Mr. Lally was authorized by the business manager to make this statement; is that true?
>
> A: Yup.

Id., p. 76, ll. 4-7.  Continuing his testimony, Mr. Richardson stated, "Business agents have told us to do different things with rates and benefits that I did not get an authorization from the business manager for.  The authorization came from the business agent, and the union took it just the way it was and – and – I mean, that – that has happened."  Id., p. 77, ll. 5-10.

Thus, it would appear from Mr. Richardson's testimony that every interaction that he had with Mr. Lally with regard to this particular project, and every alleged assurance made by Mr. Lally with regard to the payment of contributions to the Defendant, was made in the context of Mr. Lally's role as an agent of *the Union* and on behalf of the Union business manager.  It was certainly Mr. Richardson's belief that Mr. Lally's role to "get bodies" was a function of the Union, and that Mr. Lally's alleged assurance was either authorized by the Union business manager, or at least, made on behalf of the Union without the business manager's express consent.  Tellingly, Mr. Richardson makes no mention of Mr. Lally with regard to the Funds.

Also tellingly, Mr. Lally is never once mentioned in the deposition transcripts of Funds Administrator Russell Sheehan or Pension Fund Supervisor Karen Martell.  Further, Mr. Gambino only mentioned Mr. Lally with regard to his former work as Union business manager; Mr. Gambino never once mentioned Mr. Lally in the context of his current work as assistant administrator for the Funds.

Finally, the Plaintiffs produced Agreements and Declarations of Trust of the Health Benefit Plan and the Pension Fund commensurate with their Responses to the Defendant's Request for Production of Documents. If the Defendant had more thoroughly reviewed these documents, it would have noted that the power to administer the Funds is vested solely in the Trustees of the Funds, not in the Union. It would also have noted Article III of the Health Benefit Plan document and Article IV of the Pension Fund document, both of which clearly draw a line between the Union and the Funds as follows, in relevant part:

> In no event shall any part of the principal or income of this Fund be paid to or vested in the Association, the Union or the Employers, or be used for any purpose whatsoever other than the exclusive benefit of Participants and their [Eligible Dependents/ Beneficiaries].

The Agreements and Declarations of Trust are attached to the Defendant's Opposition to Plaintiffs' Motion for Summary Judgment as Exhibits 5 and 6. See also 29 U.S.C. §186(c).

This is pertinent because the Defendant peppers its Opposition brief with suggestions that Mr. Lally is an agent of the Funds purely because the Union and Funds are, according to the Defendant, "symbiotic" and "closely connected." The Defendant's suggestions are based on a number of superficialities which demonstrate absolutely nothing; namely, that the Funds and Union have offices in the same building, that half of the Funds' Trustees are Union members, and that certain Funds officials are former Union officials. The Defendant's suggestions are clearly misguided and demonstrate an ignorance of the provisions of the relevant trust documents and the National Labor Relations Act.

Given all this, it would appear that if the Defendant had made an effort to place the mistaken use of the word "Funds" instead of "Plaintiffs" in one interrogatory answer in its proper context, neither party – nor this honorable Court – would be expending its resources on

6

this particular issue.[1]  Simply put, Mr. Lally was not an agent of the Funds.  The Plaintiffs' inadvertent use of one erroneous word in the context of the entire discovery process does not create a genuine issue of material fact with regard to the Defendant's estoppel defense.  The Defendant has manipulated a single mistake to avert the Court's eyes from the fact that Mr. Lally was not an agent of the Funds and that, as such, the Defendant is subject to a well-settled line of case law standing for the proposition that employers may not assert traditional contractual defenses against a union in a claim for delinquent contributions owed a trust fund under 29 U.S.C. §1145.

It would be inequitable for this Court to allow the Defendant to go forward on this basis and to dissipate further of the Court's and the parties' resources.  After all, to err is human.  To build an entire legal defense around an error is unconscionable.

WHEREFORE, Plaintiffs respectfully request that this honorable Court grant their Motion for Summary Judgment.

Respectfully submitted,

RUSSELL F. SHEEHAN, as he is
ADMINISTRATOR, ELECTRICAL
WORKERS' HEALTH AND WELFARE
FUND, LOCAL 103, I.B.E.W., et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street

---

[1] It need also be noted that in most filings submitted to this Court by the Plaintiffs in this matter, including the Complaint and the Memorandum in Support for Motion for Summary Judgment, the whole of the Plaintiffs, including the Union, have been referred to as "the Funds" for the sake of brevity.  This is a fact of which the Defendant was also surely aware.

7

Suite #500
Boston, MA  02108
(617) 742-0208

Dated: December 5, 2005

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Plaintiff Memorandum in Reply to Defendant's Opposition to Motion for Summary Judgment has been served by first class mail upon the defendant's attorney, Alan Hoffman at Lynch, Brewer, Hoffman & Fink, LLP, 101 Federal Street, 22nd Floor, Boston, MA  02110 this 5th day of December, 2005.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3013 99-254/motion-sj-repky.doc

8