UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,
    Plaintiffs/Defendants-in-Counterclaim

vs.

RICHARDSON ELECTRIC COMPANY, INC.,
    Defendant/Plaintiffs-in-Counterclaim

and

BANK OF NEW HAMPSHIRE,
    Trustee

C.A. No. 03-12477 JLA

## ANSWERS TO INTERROGATORIES OF LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the United States District Court for the District of Massachusetts, Plaintiffs/Defendants-in-Counterclaim Local 103, International Brotherhood of Electrical Workers ("Local 103")

makes the following Answers and Objections to Defendant/Plaintiff-in-Counterclaim Richardson Electric Company, Inc.'s ("Richardson") Interrogatories.

## INTERROGATORY NO. 1

Please identify yourself, including your name, job title, position, employer, business address, home address and social security number.

## ANSWER NO. 1

Local 103 objects to this interrogatory as it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Local 103 states as follows: Michael Monahan, Business Manager, International Brotherhood of Electrical Workers, Local 103, 256 Freeport Street, Dorchester, Massachusetts 02122.

## INTERROGATORY NO. 2

Please identify each and every person known or believed by you to have discoverable knowledge concerning the transactions/occurrences which are the subject of the Complaint, Answer, and Counterclaim.

## ANSWER NO. 2

Local 103 states as follows: Richardson agents including (but not limited to) Barbara Wade, 17 Batchelder Road, Seabrook, New Hampshire, Vaughan Richardson (same), Linda Richardson (same), and Glen Richardson (same); International Brotherhood of Electrical Workers Local 103 agents including (but not limited to) Michael Monahan, International Brotherhood of Electrical Workers Local 103, 256 Freeport Street, Dorchester, Massachusetts 02122 and Brian Lally (same); and Richardson employees including (but not limited to) John Federico (address unknown), Allen Cole, Jr. (same), Ronald Sanders (same), Wayne Perry

2

(same), Troy Perrault (same), Neil Werfel (same), Peter Eastman (same), Michael Merrill (same), Philip Plante (same), Christopher Clark (same), Orville Johns (same), Jerry Dufour, Jr. (same), Keith Barker (same), Dean Berry (same), Roland Cardorette (same), Michael Bennett (same), Luis Ariza (same), Kevin Poulin (same), Scott Duntley (same), and Gordon Cunningham (same); and International Brotherhood of Electrical Workers Locals 490 and 96.

## INTERROGATORY NO. 3

Please describe in detail all communications between any individual associated at any time with any of the Plaintiffs, including any current or former representatives, employees, agents, managers, directors, or officers of any of the Plaintiffs, and any individual associated at any time with Richardson, including any current or former employees, agents, managers, or officers of Richardson, concerning the transactions/occurrences which are the subject of the Complaint, Answer, and Counterclaim. Include within your answer the identities of the individuals who participated in the communications or who were present during the communications.

## ANSWER NO. 3

Local 103 objects to this interrogatory as it is vague, unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Local 103 states that over the course of their business relationship, Local 103 and Richardson have held numerous discussions regarding the parties' obligations under the terms of the collective bargaining agreement to which Richardson is signatory. However, Local 103 business agent Brian Lally does not recall any conversation in which he stated that it would be an acceptable practice for Richardson to hire Apprentices from Local 490 for work done in Local 103's jurisdiction and to not pay contributions to the Local 103 Trust Funds for that work.

3

Further answering, Local 103 directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 4

Please describe in detail all communications by or in the presence of any individual associated at any time with any of the Plaintiffs, including any former or current representatives, employees, agents, managers, directors, or officers of the Plaintiffs, concerning the transactions/occurrences which are the subject of the Complaint, Answer, and Counterclaim. Describe in detail within your answer the identities of the individuals who participated in the communications or who were present during the communications.

## ANSWER NO. 4

Local 103 objects to this interrogatory as it is vague, unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Further answering, Local 103 objects to this interrogatory to the extent it seeks information that is subject to attorney-client privilege, the work product doctrine, or any other statutory or common law privilege against disclosure. Without waiver of the foregoing objections, Local 103 states that over the course of Local 103's business relationship with Richardson, numerous conversations would have been held in the usual course of business amongst Union employees or between the Funds and the Union regarding whether contributions had been properly paid by Richardson or the parties' obligations under the terms of the collective bargaining agreement. Further answering, Local 103 directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 5

Please identify all officers, employees, and agents of all Plaintiffs for the period September 1, 1995 to the present.

## ANSWER NO. 5

Local 103 objects to this interrogatory as it is unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the foregoing objections, Local 103 states that the following persons served as officers, employees, or agents of the Funds during the relevant time period and may have discoverable knowledge concerning the transactions/occurrences which are the subject of the Complaint, Answer, and Counterclaim: Russell F. Sheehan, 256 Freeport Street, Dorchester, Massachusetts 02122; Karen Martell (same); Michael Monahan (same); Richard Gambino (same); and Brian Lally (same).

## INTERROGATORY NO. 6

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 22 of the Complaint.

## ANSWER NO. 6

Local 103 objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Local 103 states that the Funds' attorney, Anne R. Sills, Esquire, sent certified letters to Richardson dated May 5 and 30, June 30, August 27, and October 28, 2003, notifying Richardson of its delinquency. Further answering, Local 103 directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 7

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 24 of the Complaint.

## ANSWER NO. 7

Local 103 objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Local 103 states that as of the date of the Complaint, Richardson had failed and refused to pay $6,431.40 in contributions then owed for the months June and July, 2003. Further answering, Local 103 states that Richardson had also not paid contributions owed for September and October, 2003 at that time. Richardson has subsequently paid contributions owed for June and July, 2003, and Local 103 directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 8

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 25 of the Complaint.

## ANSWER NO. 8

Local 103 objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Local 103 states that Richardson's failure to pay $82,588.79 to date in contributions owed to the Funds, which is comprised of contributions payments that were incorrectly remitted to other locals plus the difference between what was paid to these other locals and what should have been to Local 103 Trust Funds under their Agreement with Richardson, is a violation of said Agreement and of §515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1145. Further answering, Local 103 directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 9

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 26 of the Complaint.

## ANSWER NO. 9

Local 103 objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Local 103 states that Richardson's failure to pay $82,588.79 to date in contributions owed to the Funds, which is comprised of contributions payments that were incorrectly remitted to other locals plus the difference between what was paid to these other locals and what should have been to Local 103 under their Agreement with Richardson, is a violation of said Agreement and of §515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1145. Further answering, Local 103 directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 10

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 27 of the Complaint.

## ANSWER NO. 10

Local 103 objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Local 103 states that §502(h) of ERISA requires that a copy of the Complaint be served by certified mail upon the U.S. Secretary of Labor and the U.S. Secretary of the Treasury. Further answering, Local 103 directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents for copies of the letters that were enclosed with copies of the Complaint.

## INTERROGATORY NO. 11

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 29 of the Complaint.

## ANSWER NO. 11

Local 103 objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Local 103 states that Richardson's failure to pay $82,588.79 to date in contributions owed to the Funds, which is comprised of contributions payments that were incorrectly remitted to other locals plus the difference between what was paid to these other locals and what should have been to Local 103 under their Agreement with Richardson, is a violation of said Agreement and of §515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145. Further answering, Local 103 directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 12

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 33 of the Complaint.

## ANSWER NO. 12

Local 103 objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Local 103 states that, under the terms of Section 4.6 of the Agreement to which it is signatory and of §301 of the Labor Management Relations Act, 29 U.S.C. §185, Richardson was obligated to deduct working dues from the pay of union members upon receipt of authorization from such members and to remit those dues to Local 103. Richardson failed and refused to remit dues for the months of March, June, and October, 2003. Further answering, Local 103 directs

Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 13

Please describe in detail the facts upon which you rely in making the allegations contained in Paragraph 34 of the Complaint.

## ANSWER NO. 13

Local 103 objects to this interrogatory as it is vague. Without waiver of the foregoing objection, Local 103 states that, under the terms of Section 4.6 of the Agreement to which it is signatory and of §301 of the Labor Management Relations Act, 29 U.S.C. §185, Richardson was obligated to deduct working dues from the pay of union members upon receipt of authorization from such members and to remit those dues to the International Brotherhood of Electrical Workers, Local 103. Richardson failed and refused to remit dues for the months of March, June, and October, 2003. Further answering, Local 103 directs Richardson's attention to the documents produced in response to the Defendant's First Request for Production of Documents.

## INTERROGATORY NO. 14

Please describe in detail Local 103's obligations under the Agreement with respect to Apprentices.

## ANSWER NO. 14

Local 103 states that, according to Section 3.7 of the Agreement, "No Employer is guaranteed any specific number of apprentices. The [Joint Apprentice and Training] Committee will determine whether or not any individual Employer is entitled to an apprentice as well as the total number of apprentices to be assigned to that Employer."

## INTERROGATORY NO. 15

Please describe in detail how Local 103 complied with its obligations under the Agreement to provide Apprentices to Richardson at all times.

## ANSWER NO. 15

Local 103 objects to this interrogatory as it is vague and overbroad. Further answering, Local 103 objects to this interrogatory to the extent that it states that Local 103 has obligations under the Agreement to provide Apprentices to Richardson at all times. Without waiver of the foregoing objections, Local 103 states that it did not have an obligation under the Agreement to "provide Apprentices to Richardson at all times."

## INTERROGATORY NO. 16

Please identify all instances when any electrical contractor requested Local 103 to provide Apprentices in connection with the Agreement or any prior or subsequent agreement for the period 1995 to the present.

## ANSWER NO. 16

Local 103 objects to this interrogatory as it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further answering, Local 103 states that, since 1995, it has provided workers – including Apprentices – to electrical contractors that are signatory to the Agreement on hundreds of different jobs. It would be unduly burdensome, and highly irrelevant, for Local 103 to identify each of these instances.

## INTERROGATORY NO. 17

With respect to all instances identified in connection with the previous interrogatory, please identify all communications between Local 103 and the Electrical Contractor.

10

## ANSWER NO. 17

Local 103 objects to this interrogatory as it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further answering, Local 103 states that, since 1995, it has provided workers – including Apprentices – to electrical contractors that are signatory to the Agreement on hundreds of different jobs. It would be unduly burdensome, and highly irrelevant, for Local 103 to identify each of these instances.

## INTERROGATORY NO. 18

With respect to all instances identified in response to Interrogatory 16, identify all instances when Local 103 was unable to provide such apprentices.

## ANSWER NO. 18

Local 103 objects to this interrogatory as it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further answering, Local 103 states that, since 1995, it has provided workers – including Apprentices – to electrical contractors that are signatory to the Agreement on hundreds of different jobs. It would be unduly burdensome, and highly irrelevant, for Local 103 to identify each of these instances.

## INTERROGATORY NO. 19

With respect to all instances identified in response to Interrogatory 16, identify all instances when Local 103 advised the electrical contractor to contact a union local other than Local 103.

## ANSWER NO. 19

Local 103 objects to this interrogatory as it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further answering, Local 103 states that, since 1995, it has provided workers – including Apprentices – to electrical

contractors that are signatory to the Agreement on hundreds of different jobs. It would be unduly burdensome, and highly irrelevant, for Local 103 to identify each of these instances.

## INTERROGATORY NO. 20

With respect to all instances identified in connection with Interrogatory 18, please state whether any Electrical Contractor so identified is still party to any agreement with you and whether such entity has been sued by you.

## ANSWER NO. 20

Local 103 objects to this interrogatory as it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further answering, Local 103 states that, since 1995, it has provided workers – including Apprentices – to electrical contractors that are signatory to the Agreement on hundreds of different jobs. It would be unduly burdensome, and highly irrelevant, for Local 103 to identify each of these instances.

## INTERROGATORY NO. 21

Please identify all witnesses you intend to call in trial of this case.

## ANSWER NO. 21

Local 103 objects to this interrogatory as it is unduly burdensome. Without waiver of the foregoing objection, Local 103 states that it has not yet determined trial witnesses, but that it reserves the right to amend this answer.

## INTERROGATORY NO. 22

If the Plaintiff or his attorneys intend to call an expert witness at the trial of this matter, please:

    a)    identify each and every such expert;

    b)    identify each and every such expert's qualifications;

c)  state the subject matter on which each such person is expected to testify;

d)  state the substance of the facts and opinions to which each such person is expected to testify; and

e)  state a summary of the grounds for each such opinion.

## ANSWER NO. 22

Local 103 states that it has not yet determined expert witnesses, but that it reserves the right to amend this answer.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___ DAY OF MARCH, 2005.

_____
Michael Monahan

As to Objections,

_____
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Answers to Interrogatories has been served by first class mail upon the defendant's attorney Alan Hoffman at Lynch, Brewer, Hoffman & Fink, LLP, 101 Federal Street, Boston, MA 02110 this ___ day of March, 2005.

_____
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3013 99-254/ansinterrog-local103.doc